STEPHEN SALISBURY & others *vs.* FREDERICK HERCHENRO-
DER.

The fact that a natural cause contributes with the unlawful act of a person to inflict an in-
jury does not relieve him from liability to the person injured.

A sign, hung over a street in a city, with due care as to its construction and fastenings, but
in violation of a city ordinance which subjected its owner to a penalty for placing and
keeping it there, was blown down by the wind in an extraordinary gale, and in its fall a
bolt which was part of its fastenings struck and broke a window in a neighboring build-
ing. *Held,* that the owner of the sign was liable for the injury of the window.

TORT for injuries done to a building owned and occupied by
the plaintiffs on the north side of Avon Street in Boston. The
defendant was lessee and occupant of an adjoining building on
the same street, and suspended what was called a banner-sign,
bearing his name upon the banner, across the street, upon a wire
rope, one end of which was fastened by an iron bolt to his build-
ing, and the other end in like manner to a building on the south
side of the street. The sign was made of net-work for the pur-
pose of diminishing its resistance of the wind, and due care was
used in its construction and fastening. The lowest part of it was
at least twenty feet above the pavement of the street; and it did
not interfere with the ordinary enjoyment of the neighboring es-
tates; but it was hung there in violation of an ordinance of the
city of Boston, which rendered the defendant liable to a penalty
for each day during which it remained suspended. On Septem-
ber 8, 1869, in what was commonly known as the "great gale"
of that year, which was a gale of extraordinary violence, the wind
blew the sign away, and the movement of the sign, which re-
mained attached to the rope, jerked the iron bolt out of the build
ing on the south side of the street, and hurled it across the street
and through the glass of a window in the plaintiffs' building,
thus doing the injuries for which they sought to recover. The
plaintiffs' window was properly constructed, and they were in no
way chargeable with negligence.

The parties stated the foregoing case for the judgment of the
superior court, which ordered judgment for the defendant, and
the plaintiffs appealed.

*J. P. Treadwell*, for the plaintiffs, referred to the Laws & Ordinances of Boston (ed. 1863) 712 ; and, besides cases cited in the opinion, referred to *Owings* v. *Jones*, 9 Maryl. 108 ; *Hay* v. *Cohoes Co.* 3 Barb. 42 ; *Shipley* v. *Fifty Associates*, 101 Mass. 251 ; *Rylands* v. *Fletcher*, Law Rep. 3 H. L. 330 ; *McDonald* v. *Snelling*, 14 Allen, 290.

*R. Stone, Jr.*, for the defendant. 1. In the absence of any statute or ordinance to the contrary, the defendant would have had a right to do all that he did. He could make any use of the street in front of his estate, consistent with the enjoyment of the public easement therein, and not prohibited by law. His sign was not a defect in the highway. *Jones* v. *Boston*, 104 Mass. 75.

2. Even if the defendant violated the city ordinance relating to the projection of signs over streets, he is not liable in this action, unless that violation of the law caused the injuries to the plaintiffs' property. The relation of cause and effect must exist between his act and their loss. The case is analogous to the cases against railroad corporations in which it is held that their failure to comply with statutes requiring them to station a flagman at the crossing of a highway, or blow a whistle or ring a bell, is not conclusive evidence of negligence, unless it produced the injury. *Wakefield* v. *Connecticut & Passumpsic Rivers Railroad Co.* 37 Verm. 330. *Steves* v. *Oswego & Syracuse Railroad Co.* 18 N. Y. 422, 425. *Brooks* v. *Buffalo & Niagara Falls Railroad Co.* 25 Barb. 600. *Dascomb* v. *Buffalo & State Line Railroad Co.* 27 Barb. 221. The defendant's violation of the ordinance was not in any legal sense the cause of the injuries to the plaintiffs. They were the result of inevitable accident.

3. If the defendant's sign had been carelessly injured or destroyed by any person, he could maintain an action for the injury. *Spofford* v. *Harlow*, 3 Allen, 177. *Steele* v. *Burkhardt*, 104 Mass. 59. On the same principle, he can defend this action.

CHAPMAN, C. J. If the defendant's sign had been rightfully placed where it was, the question would have been presented whether he had used reasonable care in securing it. If he had done so, the injury would have been caused, without his fault, by the extraordinary and unusual gale of wind which hurled it across

the street and against the plaintiffs' window. The party injured has no remedy for an injury of this character, because it is produced by the *vis major*. For example, a chimney or roof, properly constructed and secured with reasonable care, may be blown off by an extraordinary gale, and injure a neighboring building; but this is no ground of action.

But the defendant's sign was suspended over the street in violation of a public ordinance of the city of Boston, by which he was subject to a penalty. Laws & Ordinances of Boston (ed. 1863) 712. He placed and kept it there illegally, and this illegal act of his has contributed to the plaintiffs' injury. The gale would not of itself have caused the injury, if the defendant had not wrongfully placed this substance in its way.

It is contended that the act of the defendant was a remote, and not a proximate cause of the injury. But it cannot be regarded as less proximate than if the defendant had placed the sign there while the gale was blowing; for he kept it there till it was blown away. In this respect, it is like the case of *Dickinson* v. *Boyle*, 17 Pick. 78. The defendant had wrongfully placed a dam across a stream on the plaintiff's land, and allowed it to remain there; and a freshet came and swept it away; and the defendant was held liable for the consequential damage. It is also, in this respect, like the placing of a spout, by means of which the rain that subsequently falls is carried upon the plaintiff's land. The act of placing the spout does not alone cause the injury. The action of the water must intervene, and this may be a considerable time afterwards. Yet the placing of the spout is regarded as the proximate cause. So the force of gravitation brings down a heavy substance, yet a person who carelessly places a heavy substance where this force will bring it upon another's head does the act which proximately causes the injury produced by it. The fact that a natural cause contributes to produce an injury, which could not have happened without the unlawful act of the defendant, does not make the act so remote as to excuse him. The case of *Dickinson* v. *Boyle* rests upon this principle. See also *Woodward* v. *Aborn*, 35 Maine, 271, where the defendant wrongfully placed a deleterious substance near the plaintiffs' well, and an extraordi

nary freshet caused it to spoil the water; also *Barnard* v. *Poor*, 21 Pick. 378, where the plaintiffs' property was consumed by a fire carelessly set by the defendant on an adjoining lot; also *Pittsburgh City* v. *Grier*, 22 Penn. State, 54; *Scott* v. *Hunter*, 46 Penn. State, 192; *Polack* v. *Pioche*, 35 Cal. 416, 423.

*Judgment for the plaintiffs affirmed.*