ELSIE T. MURRAY *vs.* INTERNATIONAL STEAMSHIP COMPANY.

Suffolk.    November 15, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Carrier — Warehouseman — Burden of Proof — Negligence — Action.*

A., intending to take a trip on a steamer which was to sail on Monday, sent his valise to the office of the steamship company on Saturday, where it was received by the company's agent, who declined to sign a receipt for it. On Monday A. went to the office in time to have the valise checked and inquired for it, but it could not be found. The rules of the company required a ticket to be presented in order to have baggage checked, and A. presented such a ticket. The usual precautions were taken by the company for the protection of baggage. *Held,* in an action by A. against the company for conversion of the valise, that the liability of the defendant was that of a warehouseman, and not that of a carrier; that the burden of proof was on the plaintiff to show that the defendant was negligent; and that the facts failed to show negligence.

TORT, for the conversion of certain articles of personal property. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff, residing in Boston, desired to go to St. John, New Brunswick; she bought her ticket on June 27, 1896, which entitled her to have her baggage carried with her, consisting of one valise. On that day, which was Saturday, she

sent by an expressman the valise containing the articles named in the declaration. The expressman took the valise to the office of the defendant, and showed its agent a receipt, and requested him to sign it.

It does not appear that the defendant had any other evidence of the destination of the valise than what is shown on the paper above referred to, and the valise itself, which was marked with the name of the owner and the place of destination, St. John, New Brunswick. The agent of the defendant declined to sign the receipt, not upon the ground that he was not the proper person to whom it was delivered, but took the valise.

On the following Monday morning, at 8.30 o'clock, being the day named for the vessel to sail, and known to the plaintiff as the day, she went in time to get her valise checked, inquired for the valise, was told that they could not find it, and has never seen it or received any other information with reference to it since. In order to have the valise checked, the rules of the defendant required a ticket to be presented, which she did present when she asked for her valise. The contents of the valise were valued at $28.30. The usual precautions were taken by the defendant for the protection of baggage.

*E. R. Champlin*, (*G. L. Wilson* with him,) for the defendant.
*D. D. Corcoran*, for the plaintiff.

LATHROP, J. The defendant received the plaintiff's valise on Saturday, not for immediate transportation, but for the convenience of the plaintiff, as the steamboat was not to sail until Monday. The defendant on Saturday entered into no contract with the plaintiff to carry the valise, and by a rule of the defendant, which we consider a reasonable rule, the valise could not be checked until a ticket should be presented. No ticket was presented until Monday, at which time the valise could not be found. On the facts stated, we are of opinion that the liability of the defendant was that of a warehouseman, and not that of a carrier. *Judson* v. *Western Railroad*, 4 Allen, 520. *Barron* v. *Eldredge*, 100 Mass. 455. *Watts* v. *Boston & Lowell Railroad*, 106 Mass. 466.

To entitle the plaintiff to recover against the defendant as a warehouseman, the burden of proof is on her to show that the defendant was guilty of negligence. *Willett* v. *Rich*, 142 Mass.

356. The agreed facts fail to show negligence; and it is expressly stated that the usual precautions were taken. On the agreed facts, therefore, the defendant was entitled to a judgment in its favor. *Lamb* v. *Western Railroad*, 7 Allen, 98. *Aldrich* v. *Boston & Worcester Railroad*, 100 Mass. 31. *Roberts* v. *Gurney*, 120 Mass. 33.        *Judgment for the defendant.*