## UNION OF LEGAL AND EQUITABLE CAUSES OF ACTION DOES NOT PREVENT SUBMISSION TO JURY.

Circuit Court of Cuyahoga County.

THE CURTISS-AMBLER REALTY COMPANY v. MARY TWEEDIE ET AL.

Decided, 1906.

*Appeals—Action on Note and Mortgage, When Not Appealable.*

1. When an action is brought to foreclose a mortgage and personal judgment is asked upon the mortgage note, the union of legal and equitable causes of action does not prevent the submission to a jury of the issues raised as to the note, and the case on the note is not appealable.
2. An answer setting up an equitable defense to an action on a note does not make the case appealable where the answer, if sustained, would not extinguish plaintiff's demand, but only result in allowing certain credits.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

A motion is made in this case to dismiss the appeal on the ground that upon the issues joined in the common pleas court the parties were entitled to demand a jury.

The petition sets up a promissory note and a mortgage given to secure it; recites that certain of the mortgaged premises were released from the mortgage and other property deeded to certain persons to hold in trust as security for the payment of said note and in lieu of the premises released, and sets forth certain expenses incurred and taxes paid in and about the transfer of securities.

The prayer of the petition is for a money judgment and that the several securities be subjected to the payment thereof.

The amended answer of the makers of the note admits the execution of the note and mortgage, but alleges that by fraud and misrepresentation the note was obtained from them for a larger sum than was owing by them to plaintiff and that a farm was deeded to a trustee, as alleged in the petition, was not so deeded as security for the note, but as payment thereof, and that certain city property was deeded to a trustee for the interest of said defendants and not as security for said note.

There is no prayer that the original note and mortgage be set aside. On the contrary, the answer recognizes the note and its prayer is that credits be made upon the note as claimed by defendants and that the farm be decreed to belong to plaintiff and the said city property to said defendants. The credits claimed would not extinguish the note.

The case was tried in the common pleas court without the intervention of a jury; the issues were found in favor of plaintiff, and personal judgment rendered on the note and the securities ordered subjected to its payment.

It has been repeatedly held in this state that where an action is brought to foreclose a mortgage and personal judgment is asked upon the mortgage note, the union of legal and equitable causes of action does not prevent a submission to a jury of the issues raised as to the note, and the case is not appealable. *Ladd* v. *James,* 10 O. S., 437, and cases in *Laning's Notes.*

The fact that the answer sets up an equitable defense does not make this case appealable, because it goes only to the credits upon the note, and, if sustained, would not extinguish the plaintiff's demand. *Raymond* v. *Railway Co.,* 57 O. S., 271, 288.

Motion to dismiss appeal granted.