## DESIGNATION OF A CASE AS ONE FOR AN ACCOUNTING DOES NOT MAKE IT APPEALABLE.

Circuit Court of Cuyahoga County.

JAMES R. GOLDSON v. AMANDA S. CORLETT ET AL.

Decided, April 3, 1908.

*Appeals—What Cases Not Appealable.*

1. Where an action was brought against several parties asking reconveyance of property as to certain parties and a judgment for the value of the property as against others in case reconveyance could not be decreed, and the parties against whom reconveyance is asked are dismissed from the case before its submission to the court. *Held:* That what remained was an action for money only and not appealable.

2. The fact that an action is designated an action for accounting and equitable relief will not make it appealable, when it is in effect an action for money only.

*A. H. Martin* and *A. T. Hills,* for plaintiff in error.
*Burton & Dake,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal from the judgment of the court of common pleas in an action to avoid conveyances, under favor of Section 5404, Revised Statutes, and for other relief. The petition alleges that in February, 1894, certain lands of plaintiff were sold at sheriff's sale to John Gallagher, one of the defendants herein, who, with his wife, shortly afterwards conveyed the same to Lawrence Sinnott, also a defendant herein. Sinnott had been one of the appraisers, under whose valuation of the land in question the sheriff's sale took place. In December, 1898, Sinnott reconveyed an undivided half interest in this land to the said John Gallagher, who, with his wife, a few days later joined with Sinnott, and the latter's wife, in a conveyance of the property to William T. Corlett, who, in turn, quit-claimed the same to Amanda S. Corlett.

The petition alleges that Sinnott and Gallagher conspired together to enable the former to acquire the property, or an

interest therein, in defiance of the prohibition of said Section 5404, prohibiting the purchase of property at an official sale by one who appraised the same for the purpose of such sale.

The decree of the court of common pleas, rendered January 8, 1908, is as follows:

"Jan. 8, 1908.  *To Court.* .This cause came on to·be heard upon the pleadings and evidence, and during the trial the plaintiff dismisses his action as to the defendants, Amanda Corlett and William T. Corlett, at plaintiff's costs, for which judgment is rendered against him.  And after due trial said cause was submitted to the court on the pleadings and evidence, on consideration whereof, the court finds on the issues joined, for the remaining defendants, and the petition is dismissed.  It is therefore considered that said remaining defendants go hence without day and recover from said plaintiff their costs herein. Judgment is rendered against said plaintiff for his costs herein. The amount of the bond for appeal herein is fixed at the sum of $100."

At the outset of the trial in this court, the defendants Gallagher and Sinnott, being the only defendants left in the case, moved for a dismissal of the appeal for want of jurisdiction upon the ground that the action below was triable to a jury.

The prayer of the petition concludes with these words:

"That if for any reason the court should find the plaintiff not entitled to any relief against the said defendants William T. Corlett and Amanda S. Corlett, then and in that case the court order the said defendant Lawrence Sinnott to account to plaintiff for the full value of said property in addition to his accounting for the use and occupation and profits of same for that period of time during which the court shall find his use and occupation of said property continued, and for judgment accordingly; and for all other and further relief proper in equity."

In *Grapes et al* v. *Barbour et al,* 58 O. S., 669, it is said in the opinion of the court, by Shauck, J., at page 675:

"Whether the case is appealable is to be determined from the nature of the issues when it was submitted in the court of common pleas."

The transcript here discloses that "during the trial the plaintiff dismisses his action as to the defendants, Amanda Corlett

and William T. Corlett,'' whence it appears that the time the
cause was submitted in the court below, the actual restoration
of the land was no longer sought.

In *Doney* v. *Clark, Admr.*, 55 O. S., 294, it was indicated in
the fourth paragraph of the syllabus and at page 305 of the
opinion of the court by Shauck, J., that:

''This was an action for the recovery of money only. In
view of the fact that the fraudulent grantee had conveyed a
valid title to the subject of the trust no decree in equity was
needed or sought. Although the principles upon which recovery
was sought may be of equitable cognizance, neither party is
entitled in an action for the recovery of money only, to have
the issues determined by a jury.''

In *Gunsaullus, Adm'r,* v. *Pettit, Adm'r,* 46 O. S., 27, it was
said in the opinion of the court, by Minshall, J., at pages 28, 29:

''The suit below was brought by the administrator of a de-
ceased wife against the administrator of her deceased husband,
and sought to charge his estate with a claim for money had and
received by him in trust for her. * * * The fact that prior
to the code the only remedy would have been a suit in equity,
does not affect the right of either party to demand a jury trial
upon the issues of fact joined in the action. * *. * The
case then was not appealable and the circuit court erred in
not sustaining the motion to dismiss the same.''

The right to demand a jury trial in the court below when the
cause was finally submitted was thus not precluded by the fact
that the cancellation of a fraudulent conveyance had originally
been demanded and afterwards abandoned, nor by the fact that
the case in the posture which it then assumed called for the
ascertainment of a trust as the basis upon which a judgment
for money only could be rendered. Nor did the fact that an ac-
counting was demanded necessarily require the awarding of
equitable relief, in case the plaintiff prevailed.

In *Black, Receiver,* v. *Boyd,* 50 O. S., 46, in the opinion of
the court by Bradbury, J., at page 52, it is said:

''The circumstances that will warrant a court of equity to
assume jurisdiction in matters of account have long been the
subject of discussion by courts of the highest authority. Where
the accounts are mutual and complicated to a degree that makes

their examination by a jury difficult and unsatisfactory, equity will generally assume jurisdiction, though no rule of certain application can be laid down. The court should be satisfied of the inadequacy of proceedings at law to do justice between the parties. The doctrine is discussed, and the jurisdiction of equity, in the case of complicated mutual accounts, has been sustained by most, if not all, of the authors of the text books upon the subject of the jurisdiction of courts of equity.''

In the case before us, it is not urged that there was either complication or mutuality in the accounts with respect to which relief is demanded. Nor is there anything in the nature of the case to indicate inadequacy of legal remedy. In *Bricker* v. *Elliot, Administrator*, 55 O. S., 577, it was held in the syllabus:

''A suit to compel a trustee to account to the beneficiaries of his trust and for a judgment for the amount which, upon such accounting, may be found in his hands is not an action for the recovery of money only; and from the judgment of the court of common pleas in such action either party may appeal to the circuit court.''

But in the opinion of the court by Shauck, J., at page 579, it was said, concerning actions for money:

''The adjudiciations of this court determine that, if the action is for that purpose only, it is triable by jury even though the principles upon which a recovery is sought are equitable in their nature and origin. They also determine in those cases which are triable if the remedy of accounting in equity is not necessary to full and adequate relief even though disclosures from the defendant may be desired.''

It is further said at page 580:

''In the original petition the plaintiff did not allege an indebtedness for a definite amount due from the defendant. He alleged facts which excused him from doing so, by showing that, although the parties were adversary in the suit they had not been so in the transactions out of which it arose.

''The case alleged showed that the defendant was a trustee; that in consequence of the trust and confidence reposed in him by his mother, he was in possession of funds belonging to her, whose amount he knew and she did not. The case was not for money only. It invoked the exercise of equitable jurisdiction to compel the trustee to render an account necessary to the

ascertainment of the amount due, and for a judgment for that amount when ascertained.''

The case before us is not the case of an express trust, but of a resulting trust, formerly cognizable, it is true, in equity alone, but no longer triable as of right without a jury if the ultimate relief sought is a judgment for money only.   *Chapman* v. *Lee,* 45 O. S., 356.

In *Lange* v. *Lange,* 69 O. S., 346, the syllabus is as follows:

''In an action for money, not requiring a decree granting some mode of equitable relief, an appeal can not, under Section 5226, Revised Statutes, be taken from the court of common pleas to the circuit court, although the determination of the rights of the parties may involve the application of principles which are of equitable origin and nature.''

And at page 349 in the opinion of the court by Shauck, J., it is said:

''However uniformly it may appear that appealable actions are equitable the Legislature has not used appropriate terms to make all equitable actions appealable.   While the constitutional requirement that the right of trial by jury shall remain inviolate has been effective to continue that right in all cases which were triable to a jury at the time of the adoption of the Constitution, it has not prevented, nor was it intended to prevent, the extension of the right of trial by jury to cases which were not so triable at the time of the adoption of the Constitution; and every case included in such extension of the right of trial by jury is thereby excluded from the category of cases appealable, however clearly it may appear that the rights of the parties depend upon the application of principles which are of equitable origin and nature.''

It is true that there is language used in many earlier cases which seems somewhat at variance with the conclusions we reach in this case, notably in *Pierce, Assignee,* v. *Stewart,* 61 O. S., 422; *Raymond* v. *Railway Company et al,* 57 O. S., 271; *Hull et al* v. *Bell Brothers & Co.,* 54 O. S., 228; *Gill et al* v. *Pelkey et al,* 54 O. S., 348; *National Bank* v. *Wheelock,* 52 O. S., 534; *Ellsworth* v. *Holcomb et al,* 28 O. S., 66; *Rowland* v. *Entrekin,* 27 O. S., 47; *Converse* v. *Hawkins,* 31 O. S., 209; *Rankin* v.

*Hannan*, 37 O. S., 113; *McCrory* v. *Parks*, 18 O. S., 1; *Reed's Administrator* v. *Reed et al.* 25 O. S., 422, and many others.

None of these cases have been overruled and we think they are all distinguishable from the cases above discussed. While the matter is not entirely free from doubt, we look upon the case before us as one where the right to demand a jury in the court of common pleas existed. Therefore, the action was not appealable, and the motion to dismiss the appeal for want of jurisdiction is granted.