## NATURE OF ACTION FOR RECOVERY OF MONEY FRAUDULENTLY WITHHELD.

Circuit Court of Cuyahoga County.

HENRY HARLOW, AS GUARDIAN, v. JOHN HOEHN ET AL; and HENRY HARLOW, AS ADMINISTRATOR, v. SUSIE E. CLAMPITT ET AL.

Decided, November 21, 1911.

*Appeals.*

An action for an accounting and recovery of money alleged to have been fraudulently withheld on certain mortgage loan investments, made by plaintiff through defendant, and collected by the latter, is an action for money only and not appealable.

*B. Pearce,* for plaintiffs.
*McGraw & Messick* and *N. S. Good,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The issues whereon these cases were tried below were raised by the fourth amended petition and the subsequent pleadings ad-

dressed thereto. All the original defendants except Southern, had been eliminated on its becoming apparent that they were innocent purchasers of the lands sought to be recovered from them. Furthermore, the death of the original plaintiff's ward, Mrs. Abbie Harlow, pending the action below, was followed by a revivor of the action in the name of Henry Harlow as administrator of her estate. In its final aspect, the cause reduced itself, therefore, merely to a controversy between said administrator, as plaintiff, and said Southern, as defendant. In each case the plaintiff seeks an accounting and recovery of the moneys alleged to have been fraudulently withheld from his decedent by said Southern on certain mortgage loan investments made by her. She bought mortgages from Southern. He claims to have later re-purchased them from her, and having foreclosed the same for his own account, he bought in the mortgaged property on the foreclosure sales, and subsequently sold the same to the other defendants who are now out of the case, as aforesaid. Plaintiff claims that his decedent, being of weak mind by reason of advanced age, and confiding in Southern as her advisor in matters of investment, and as her agent to make collections for her, was deceived and defrauded by him, in that, without her knowledge, he retained and foreclosed said mortgages in his own name, and converted the proceeds to his own use, paying her nothing except fictitious interest collections after the mortgages were in default.

The question now presented to us is whether these actions are appealable. Their final, and not their original, aspect must control the question whether or not they were triable to a jury and hence non-appealable. In *Raymond* v. *Railroad Company,* 57 Ohio State, 271, it was held:

"Under our system of pleading, a plaintiff may be permitted to substitute an amended petition in place of the original which may have the effect to change the form of action from an equitable to a legal action, the basis and the ultimate object of the action remaining the same. And if such change is made, the court, in determining the issues to be tried, will look wholly to the amanded pleadings, disregarding the original and the cause will thereafter be treated as a suit at law, and will proceed

to trial and judgment as though it had been commenced as a legal action.''

Some countenance is given to the appealability of cases like those before us, in *Black, Receiver,* v. *Boyd,* 50 Ohio State, 46, where it was held:

"The equity jurisdiction of a court of common pleas, in matters of mutual and complicated accounts, is not abrogated by Section 5130, Revised Statutes, which provides that either party may demand a jury trial of 'issues of fact arising in actions for recovery of money only.' An action is not one for the recovery of money only within the purview of the statute, where, to administer full and complete relief therein, it is necessary to invoke the equity powers of the court to adjust the accounts between the parties and in such case either party may, by virtue of Section 5226 of the Revised Statutes, appeal to the circuit court from the judgment of the court of common pleas."

But this decision was overruled in *Wilson Improvement Co.* v. *Malone,* 72 Ohio State, where it was held:

"In view of the comprehensive terms of Section 5130, Revised Statutes, issues of fact in all actions 'for the recovery of money only, are triable to a jury and no exception is admitted because of the number of the items in an account which is the basis of the action, unless there is such relation of parties as will authorize a court of equity to decree an accounting by one for the information of the court and his adversary.

"Within the meaning of the section an action for money is an action for money only, unless there is sought some form of relief peculiar to courts of equity, and the action can not be appealed from the common pleas to the circuit court. (*Black, Receiver,* v. *Boyd,* 50 Ohio St., 46, overruled.)"

It might perhaps be argued that the appealability of the cases before us is sustained by *Bricker* v. *Elliott, Admr.,* 55 Ohio State, 577 where it was held:

"A suit to compel a trustee to account to the beneficiaries of his trust and for a judgment for the amount which, upon such accounting, may be found in his hands, is not an action for the recovery of money only, and from the judgment of the court of common pleas in such action either party may appeal to the circuit court."

In that case Shauck, J., said at pp. 579 and 580:

"The adjudications of this court determine that, if the action is for that purpose only, it is triable by jury, even though the principles upon which a recovery is sought are equitable in their nature and origin. They also determine that cases are so triable if the remedy of accounting in equity is not necessary to full and adequate relief even though disclosures from the defendant may be desired.

"In the original petition the plaintiff did not allege an indebtedness for a definite amount due from the defendant. He alleged facts which excused him from doing so, by showing that, although the parties were adversary in the suit, they had not been so in the transactions out of which it arose.

"The case alleged showed that the defendant was a trustee; that in consequence of the trust and confidence reposed in him by his mother, he was in possession of funds belonging to her, whose amount he knew, and she did not. The case was not for money only. It invoked the exercise of equitable jurisdiction to compel the trustee to render an account necessary to the ascertainment of the amount due, and for a judgment for that amount when ascertained."

It will be observed, however, that in the cases before us, no trust or other relationship between Southern and Mrs. Harlow is set up, that would justify or require final relief of an equitable nature. The ultimate relief sought, notwithstanding that no specific amount is prayed for, and that a discovery is asked to ascertain the amount recoverable, is money only. No lien is sought to be declared; no fund is to be traced; no equitable accounting, as between fiduciaries, is appropriate. All that is sought is to ascertain the amount due and recover judgment therefor. We think that the cases here are governed by *Gunsaulus, Admr., v. Pettit, Admr.,* 46 Ohio State, 27, where it was held:

"The right to trial by jury does not depend upon the principles upon which relief is asked, but upon the nature and character of the relief sought. If the relief sought is a judgment for money only, the fact that before the adoption of our reformed system of procedure, the proper remedy would have been by a suit in equity, does not affect the right of either party to a trial by jury upon any issue of fact made by the pleadings."

Also in point is *Lange* v. *Lange,* 69 Ohio State, 347, where it was held:

"In an action for money, not requiring a decree granting some mode of equitable relief, an appeal can not, under Section 5226, Revised Statutes, be taken from the court of common pleas to the circuit court, although the determination of the rights of the parties may involve the application of principles which are of equitable origin and nature.

In that case Shauck, J., said at p. 349:

"However uniformly it may appear that appealable actions are equitable, the Legislature has not used appropriate terms to make all equitable actions appealable. While the constitutional requirement that the right of trial by jury shall remain inviolate has been effective to continue that right in all cases which were triable to a jury at the time of the adoption of the Constitution, it has not prevented, nor was it intended to prevent, the extension of the right of trial by jury to cases which were not so triable at the time of the adoption of the Constitution; and every case included in such extension of the right of trial by jury is thereby excluded from the category of cases appealable, however clearly it may appear that the rights of the parties depend upon the application of principles which are of equitable origin and nature.''

We hold, therefore, that the cases before us, in their final aspect, are "actions for money only"; that they were therefore "triable to a jury" below; and hence that no appeal lies. The appeals will be dismissed.