Jones, J.
 

 (dissenting). The original action, claimed to he in bar of the present one, was an action at law against the Morgans for damages arising out of the same transaction which is the basis of the present action in equity. Although issues were joined the action at law was not heard, but was dismissed without prejudice at the plaintiffs’ costs. Record, p. 228.
 

 Counsel for plaintiff in error frankly state in their brief that there are diverging decisions in the various jurisdictions upon the question of what constitutes an election, viz: (1) That an election cannot be said to have been made until the case has been pursued to final judgment; - (2) that an election is held to be a bar to a future action where some affirmative relief has been sought and obtained in the former; and (3) that the mere beginning of a case constitutes a final and irrevocable election, even though it be dismissed by the plaintiff before the affirmative relief is obtained or an' adjudication had. We agree
 
 *482
 
 that the mere beginning or the beginning and dismissal of a case does not constitute an election, and are furthermore of the opinion that here there was no affirmative relief sought or obtained in the law action which precluded a future action by the Nyes.
 

 The law action brought in Seneca county was dismissed in pursuance of ¡Section 11586, General Code, which provides that “an action may be dismissed without prejudice to a future action” by the plaintiff, before its final submission to the court ■or jury. Giving this section that liberal interpretation which safeguards all litigants in this state the right to have any action heard upon its merits, this statute provides in explicit terms that such dismissal shall be without prejudice to a
 
 future action.
 
 This means any action touching the same subject-matter or transaction upon which the original action was based. The equity action brought by the Nyes, it is true, had a prayer that they be decreed to be the owners of the property acquired by Frederickson under the fraudulent conspiracy charged. But they also prayed for other and further relief in equity as the nature of the case should require;
 

 The Court of Appeals found that plaintiff in error was guilty of fraud, and decreed, not that the title of the property should be restored to the Nyes, but that the latter should have an equitable lien thereon to the extent of the $6,000 as a result of the fraud perpetrated upon them. It found that Frederickson had conspired with the Morgans in the transaction upon which both the action at law and the action in equity were based.
 
 *483
 
 Now Frederickson urges in argument, not that he himself suffered any detriment because of the bringing of the first action, and the obtaining of the provisional order of injunction therein, but that the Morgans must have suffered some detriment in the law action because of a provisional injunction obtained therein which was later dissolved. Frederickson, the plaintiff in error, suffered no detriment by reason of the injunction — the injunction did not affect him — nor does it appear from this record that the Morgans were prejudiced thereby, for the reason that the Nyes executed a bond to the Morgans in the sum of $500, conditioned that they should pay the defendants any damages they might sustain by reason of the injunction. So that we have the real defendant in the equity action attempting to interpose an estoppel
 
 in
 
 pais, which could be urged only by the Morgans, who were fully protected by the injunction bond, and who- sustained no special damages shown by this record.
 

 While there may be some reason for holding that the filing of an action in a court of law may be an election in some jurisdictions, that principle should not apply in a state such as ours, where there exists but one form of action, whether it be law or equity. In this state lawyers do not have to stamp their petition as one in equity or law, nor does the character of the prayer determine its nature. Under the liberality of our pleadings the facts are set forth, from which the court determines whether the action is at law or in equity.
 
 Raymond
 
 v.
 
 T.. St. L. & K. C. R. R. Co.,
 
 57 Ohio St., 271, 48 N. E., 1093. I do not believe that in
 
 *484
 
 the present case the so-called actions brought by the Nyes at law or in equity were so inconsistent but that relief in either forum could be obtained by them. Our statute of jeofails (Section 11363, General Code) provides great liberality in amending pleadings, “before or after judgment, in furtherance of justice,” when the amendment does not substantially change the claim .or defense. After the law case- was dismissed by the Nyes without prejudice to a future action, had the Nyes refiled the same petition they could, under- the statute cited, amend their petition by disclaiming the allegation affirming title in the Morgans, and, by so amending, affirm that the equitable title was in the Nyes. The Nyes were not forestalled by the allegations contained in their first action from amending their pleading in that respect.
 

 We think the language of Walker, J., in
 
 Warren
 
 v.
 
 Susman,
 
 168 N. C., 457, 84 S. E., 760, is especially applicable here, in this state, where the Code permits the joinder of equity and law actions and liberality with regard to amendments. After citing authorities from Rhode Island and Georgia, Judge Walker, at page 464 of 168 N. C. (84 S. E., 760, 763), said:
 

 “The Court added that it does not follow, because the original and amended bills are contradictory, that the amendment will be rejected, but amendments will be liberally allowed to change the nature of the bill and rectify mistakes. Our present Code system was adopted for the very purpose here indicated, and is liberal in its allowance of amendments. * * # It is said to modify the doctrine of election of remedies (7 Enc. of PI.
 
 *485
 
 and Pr. p. 368), and to require the trial of eases to proceed according to right and justice, rejecting antiquated and refined technicalities. In a case similar to the one at bar, this court held that the proper course was to amend and substitute the last allegation for the first, the two remedies sought being inconsistent.”
 

 The syllabus in
 
 Wm. T. Spice & Son
 
 v.
 
 Steinruck,
 
 14 Ohio St., 213, declares that the restriction upon amendments, to the effect that they “ ‘must not change substantially the claim or defense,’ does not refer to the form of the remedy, but to the general identity of the transaction forming the cause of complaint.” Upon this subject, Minshall, J., in
 
 Root
 
 v.
 
 Railroad Co.,
 
 45 Ohio St., 222, 232, 12
 
 N.
 
 E., 812, 816, said:
 

 “A further point is made upon the pleadings, that the amendment filed to the original petition, is inconsistent with it. This may be so, but we see no reason why a party may not be permitted to change the averments of his pleading.”
 

 An action for money had and received may be changed to one for accounting. In
 
 Jayne’s Ex’x.
 
 v.
 
 Platt,
 
 47 Ohio St., 262, 24 N. E., 262, 21 Am. St. Rep., 810, it was held that a claim declared upon in an amended petition, though stated in a different form, if based upon, the same facts and transaction as the claim stated in the original petition, could be amended. ¡So it has been held that if a plaintiff files an action to recover for an accident caused by a carrier in intrastate commerce he may amend his petition by founding his action upon an allegation that the same occurred while the carrier was engaged in interstate commerce.
 

 
 *486
 
 In the present ease the equity action was based upon the same transaction set forth in the previous law action. The only difference between the two was the relief asked. As to that feature, obviously plaintiffs could change the form of their pleading from an action at law to one in equity. The syllabus in
 
 Raymond
 
 v.
 
 Railroad Co., supra,
 
 states the rule as follows:
 

 “Under our system of pleading, a plaintiff may be permitted to substitute an amended petition in place of the original which may have the effect to change the form of action from an equitable to a legal action, the basis and ultimate object of the action remaining the same.”
 

 The damages sustained in either case arose from the same subject-matter. Had the Nyes exercised their privilege of bringing a second law action they could amend their pleadings, and there is no reason why they could not later seek a different remedy in equity if the cause of action arose out of the sarnie subject-matter.
 

 Since the Court of Appeals, through its journal ertry, found that the plaintiff in error must have been guilty of the fraudulent conspiracy, as alleged in the pleading of the Nyes, the decree of that court awarding to the latter the sum of $6,000, and making it a lien upon the property in Hancock county, should be affirmed.
 

 Allen, J., concurs in this dissent.