CARMELA CATINO *vs.* NICOLA SORRENTINI.

Suffolk.     October 2, 1933. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Nuisance. Way,* Public.

Liability of an owner of land abutting a public sidewalk for injuries resulting from a nuisance on the sidewalk does not arise from his mere ownership of the land; he is liable only if he or his agents or his land or structures maintained by him thereon and within his control create the nuisance.

At the trial of an action for personal injuries resulting from the presence of building materials on a public sidewalk, which constituted a nuisance, there was evidence that the defendant was the owner of abutting land on which the construction of a garage was commenced by a contractor, who later abandoned the work; that the defendant, on the day before the plaintiff was injured, began the work of finishing the garage and thereafter carried that work to completion; and that the building materials were on the sidewalk from a time before the contractor's abandonment of the work until the time of the plaintiff's injuries. There was no evidence to show to whom the materials belonged, or by whom they were placed on the sidewalk, or that the defendant had a right to use the materials, or did use them, while completing the garage, or that by permit or otherwise he had the right to occupy or use the sidewalk for the storage of building materials. *Held,* that

(1) The evidence did not warrant a finding that the defendant caused the materials to be upon the sidewalk and thus became responsible to the plaintiff as the creator of the nuisance there existing;

(2) The defendant had no duty to abate the nuisance or to take precautions against injuries arising therefrom, because it did not appear that he was in control of the nuisance or of the place where it existed;

(3) The plaintiff could not recover.

TORT.    Writ dated January 21, 1929.

The action was tried in the Superior Court before *O'Connell,* J.    Material evidence is stated in the opinion.    The judge ordered a verdict for the defendant.    The plaintiff alleged an exception.

*V. Mottola,* for the plaintiff.

No argument nor brief for the defendant.

DONAHUE, J.    There was evidence that the plaintiff, while walking along the sidewalk on Paris Street, East

Boston, on the night of November 20, 1927, was caused to fall and was injured by building material which was there piled, unguarded by barriers or by lights. In separate counts the plaintiff in her declaration alleges that the defendant created a nuisance on the sidewalk, that he negligently placed and kept building material there, and that as owner of the premises adjoining the sidewalk he "allowed" the building material to be accumulated and kept on the sidewalk. The present case was tried with two actions brought by the plaintiff against the city of Boston and against the foreman of a contractor who up to within two days of the plaintiff's fall had been engaged in the erection of garages on the land adjacent to the sidewalk. At the close of the plaintiff's evidence those two defendants rested and the trial judge in the Superior Court directed verdicts in their favor. At the close of all the evidence he directed a verdict for the present defendant.

There was evidence which, if believed, would warrant the findings that the plaintiff was in the exercise of due care, that the material was such in quantity and character as, if left on the sidewalk unguarded in the night time, would constitute a nuisance and that whoever was responsible for its presence there at the time the plaintiff fell was negligent. The question here presented is whether on the evidence the defendant could be found to be such a person.

It was admitted by the plaintiff that the record title to the premises adjacent to the sidewalk was in the defendant's wife and there was ample evidence to justify the conclusion that she actually was the owner and that under a contract with her a contractor had for some time been engaged in the erection of garages on her property. But the plaintiff's husband testified that a few days after his wife's injury while investigating the accident he went to the defendant, said he wished to hire a garage and asked who owned the garages and that the defendant replied that he did. There was also evidence that after the contractor abandoned the work two days before the accident the defendant on the day before the accident began the work of finishing the garages and thereafter carried that work to

completion. There was evidence contradictory of this but we consider the case on the assumption that the jury might have found that the defendant was the owner of the premises adjoining the sidewalk where the plaintiff fell.

There was evidence that building material was on the sidewalk for some while before and at the time that the contractor abandoned the work, and on the following day when the defendant began the completion of the work, and on the succeeding day when the plaintiff fell. It cannot be determined from the record who was the owner of the material which was on the sidewalk at the time of the plaintiff's fall or just when or by whom or by whose orders it was there placed. The defendant, who conducted a grocery store in the neighborhood, testified on cross-examination that while the contractor was erecting the garages he went to the premises once or twice a day. He was asked, ". . . you went there to supervise the job, didn't you?" and answered, "Sure." On redirect examination he testified in substance that he had not understood the word "supervise" in the question asked on cross-examination and that he did not mean that he told the men what to do. In answer to questions put by the judge he testified that he was not the boss of the job and did not at any time boss the job. Following this no further questions were put to him by either counsel. There was no testimony that during the period when the contractor was engaged in erecting the garages the defendant gave a single order or direction with reference to the work being done or as to the disposition or location of building material that was used on the job. For all that appears on the record the building material in question might have belonged to the contractor and have been placed on the sidewalk by his direction in the absence of the defendant. It does not appear that the contractor did not have a permit under which he might properly have used the sidewalk for the storage of materials. We do not think that the evidence justifies the finding that the defendant caused the material to be upon the sidewalk and thus became responsible as the creator of the nuisance there existing.

It is contended by the plaintiff, however, that the defendant as owner of the land abutting on the sidewalk became liable because he "allowed the sidewalk adjoining his premises to remain in a defective and dangerous condition." An owner of land abutting on a sidewalk is not liable for an obstruction there appearing or remaining unless it was caused to be there by him or his agents or by the condition of his land or of structures under his control. A liability of an abutting owner to a person injured by an obstruction on the sidewalk does not arise from the mere fact that he owns the adjoining land. He is liable only if he or his agents or his land or the structures maintained by him thereon and within his control create a dangerous or defective condition upon the sidewalk. Although there was an obstruction on the sidewalk in question which could be found to constitute a nuisance, the defendant was, merely by virtue of his ownership of the adjacent land, "under no obligation to remove it or to guard against injury by reason of its existence." *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, 185. *Sanborn* v. *McKeagney,* 229 Mass. 300. *Dahlin* v. *Walsh,* 192 Mass. 163. *Kirby* v. *Boylston Market Association,* 14 Gray, 249. See also *Agnew* v. *Franks,* 255 Mass. 539, 541.

The plaintiff further contends that, because the defendant might have been found to have assumed the completion of the work of erecting the garages on the day before the plaintiff was injured, he was liable for the failure then to remove or guard the material which was on the sidewalk. The evidence did not warrant the finding that he caused it to be there, that he owned it or had acquired the right to control or use it, or that he did use it, or that he had by permit or otherwise the right to occupy or use the sidewalk for the storage of building material. Since the evidence did not warrant the finding that the defendant created the nuisance or that he had control of it or of the place where it existed, he did not become liable to the plaintiff for failure to abate it. *Mahar* v. *Steuer,* 170 Mass. 454. *Lowell* v. *Glidden,* 159 Mass. 317. *Coman* v. *Alles,* 198 Mass. 99.

*Exceptions overruled.*