Pettingbll, P. J.
Action of contract or tort begun October 13,1944. The plaintiff owned premises adjoining those of the defendants. On September 14, 1944, as a result of the so-called hurricane at that time, a large tree on land of the defendants was partially uprooted and fell over on land of the plaintiff so that it was lying partly on the land of the defendant and partly on that of the plaintiff, damaging the plaintiff’s house. There was evidence that the tree was blown down because of the severity of the weather and that its fall was in no way due to any negligence of the defendants.
After the tree fell, the male defendant, when asked if he was not going to remove it, said that it was not his responsibility to do so since he did not cause the tree to fall. The plaintiff had it removed at a cost of $160.
There was evidence that the tree was a good healthy tree, was uprooted by the hurricane and not broken, was about *174 one hundred feet tall, was not decayed or diseased; that it was removed four or five days after it fell by a contractor employed by the plaintiff.
The plaintiff ’s declaration contained two counts, one in contract and one in tort, the latter alleging carelessness and negligence. Later a count was filed alleging a nuisance which the defendants failed to abate within a reasonable time.
At the close of the trial the defendants filed the following requests for rulings:
1. The evidence is sufficient to warrant a finding for the defendants and the defendants submit that: (a) There was no contract between the parties, actual or implied for the removal of the tree: (b) There was no negligence on their part in the falling of the tree: (c) The tree’s falling was due to an Act of God. 2. The tree which fell on the Plaintiff’s premises, was due to an Act of God, and there was no negligence on the part of the defendants, the finding should be for the said defendants. 3. An “Act of God” is the action of an irresistible physical force not attributable in any degree to the conduct of man and not in reason preventable by human foresight, strength or care. See Hecht vs. Boston Wharf Co., 107 N. E. 990. The Majestic, 166 N. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039, and 1 Corpus Juris 1172 et seq. 4. The proximate cause of the falling of the tree was due to the atmospheric conditions, namely the “Hurricane of September 1944.” 5. When damages are sought at law in such cases as the present the test of liability of a defendant upon whom a duty is cast, is whether the injury caused by the atmospheric -conditions (tide) is an inevitable accident due wholly to the violence of natural phenomenon, and not referable in any degree to the participation of man by unreasonable failure to anticipate danger, to put forth appropriate preventive measure or protective instrumentalities, and then to employ rational means to ward off the probable consequences of the event. 6. The legal obligations of the defendants were to use the ordinary care of the man common prudence in keeping *175 the tree, in view of the facts accessible to and likely to be considered and acted upon by a rational person before the event complained of: See Willet vs. Rich, 142 Mass. 356-7 N. E. 776. Maynard vs. Buck, 100 Mass. 40, 47. Murray vs. Int. Steamship Co., 170 Mass. 166-48 N. E. 1093. 7. One who has negligently endangered another is not excused from liability by fact that extent of harm or exact train of events by which it was produced could not have been foreseen, but even negligent person is not liable where causal connection between original wrong of the defendants and the ultimate harm had been broken and something so distinct has thereafter happened as to constitute superseding cause or intervening, efficient, independent, and dominant cause. See Bellows vs. Worcester Storage Co., 297 Mass. 188, 7 N. E. 2nd 588. 8. The Court may take judicial notice of matters of common knowledge. 9. The burden of proving negligence is upon the plaintiff, and the existence at time of a hurricane so extraordinary as to be classed as an Act of Gfod constituted a factor of paramount importance in passing on issue of negligence. See Hoosac Tunnel & W. R. Co. vs. New England Power Co., 311 Mass. 667, 42, N. E. 832. 10. The evidence supplied by the plaintiff might have been negligence under normal conditions, but has not supplied evidence that the defendants’ conduct was negligent in view of the extraordinary conditions thus prevailing on the day of the alleged injury or damage. See Hoosac Tunnel & W. R. Co. vs. New England, Power Co., 311 Mass. 667, 42 N. E. 2nd 832 at 836. 11. There is no evidence to warrant a finding that the defendants were the owners of the property in question. 12. The ownership of real estate in and of itself, does not render the owner of said real estate liable for a nuisance; the burden of proof is upon the plaintiff to prove that the defendants caused a nuisance to continue on the plaintiff’s property, and that said nuisance was caused by the acts of the defendants. 13. In order for the Court to make a finding against the defendants, the evidence must show that the defendants owed the plaintiff duty, that the defendants violated said duty and that the plaintiff suffered damages; and the defendants submit that the tree *176 which fell on the plaintiff’s property was not due to any negligence on their part and therefore owed the plaintiff no duty to remove it. 14. The Court must confine its findings to the matters pleaded in the plaintiff’s declaration. 15. In order for the defendants to be held liable for a condition, they must be instrumental in the creation of that condition, and the defendants submit that the condition which existed, to wit, the tree which had been felled by an Act of God, was not created or caused by the defendants; nor was it there due to any act or omissions to act by the defendants. 16. A tree, in a good, healthy condition which is blown over by a hurricane, which hurricane was of such an extraordinary event as to be considered a vis major, and without any fault on the part of the defendants, and falls on the plaintiff’s land does not constitute a condition for which an action at law will lie. See Salisbury and Others vs. Herchenroder, 106 Mass. 458, at 459 and 460. 17. In order to hold a person liable for any tort, his acts or failure to act must be the proximate cause of the injury and the defendants submit that they did not cause the tree to fall and therefore are not liable for any ensuing damages. 18. A nuisance is a condition which has 'been created, caused or permitted to exist by the defendants which might cause danger, injury, discomfort, or inconvenience to the plaintiff and the defendants submit that they did not create, cause or permit any condition to exist for which they are liable. 19. A tree may become a nuisance by reason of disease or decay, and the defendants submit that its tree was not diseased or decayed. See Allegheny vs. Zimmerman, 95 Pa. 287, 293, 20 Am. Rep. 649: 20: Liability must rest upon the maintenance by a person upon Ms land within his control, of a decayed, diseased or dangerous tree, which at any time would be likely to fall and for a substantial period of time had been so located as to expose the persons and property of others to the chance of instantaneous injury, and thereby becomes a ‘ ‘ constant menace ’ ’ to the safety of the immediate community and hence constitutes a nuisance. And the defendants submit that where a tree is in good healthy condition, is blown over by a hurricane, it can *177 not then become a nuisance. See Jones vs. Inhabitants of the Town of Great Barrington, 273 Mass. 483, 174 N. E. 118 at 120. 21. A good, sturdy, healthy tree, on a man’s land is not a nuisance. 22. A condition which might be considered a nuisance must be within the defendant’s control, in order for him to be liable for failure to abate it, and the defendants submit that the tree which was blown over by a hurricane, was no longer in their control. 23. A nuisance is a condition which arises on one’s land, and if not abated will cause damages to another man’s health, property real or personal and the defendants submit that no nuisance existed on their land for which they are liable. 24. The condition complained of by the plaintiff was a result and not a cause and the defendants submit that they cannot be held liable for a result, their liability depends upon the cause of the result, and since the cause of the result was a vis major, there is no liability on their part. 25. The evidence is sufficient to compel a finding for the defendants and the defendants submit that the maintenance of a good healthy, sturdy tree on their premises is not ground for an action of law. See Kaufman vs. Boston Dye, House, Inc., 280 Mass. 161, 182 N. E. 297. 26. The plaintiff ’s declaration and the amendment thereto does not set forth a cause of action. 27. A person chargeable with the abatement of a nuisance is entitled to a reasonable time to abate said nuisance, and the defendants submit that a reasonable time for the removal of the tree, would be longer than that allowed by the plaintiff.
Of these the trial judge allowed Nos. 3, 4, 6, 8,12,14 and 21; denied la, 11, 20, 22, 23, 24, 25, and 26, and denied as not applicable to the facts as he found them, Nos. lb, 1c, 2, 5, 7, 9,10,13,15,16,17,18,19, and 27.
He made the following finding of facts:
“I find as a fact that the plaintiff was the owner of a lot of land in Cambridge abutting the land of the defendants, that on or about September 14th, 1944, as a result of the so-called hurricane of 1944, a large tree *178 on the land of the defendants was partially uprooted and fell over on to the land of the plaintiff and was lying on the roof of the dwelling house of the plaintiff.
“I find that in its fallen condition said tree became and remained a nuisance on the land of the defendants and dangerous to the property of the plaintiff.
“I find that the plaintiff requested the defendants to abate said nuisance by the removal of the tree from the position in which it was standing and that the defendant Peter Marasi told the plaintiff that he would not remove said tree.
“I find that after a reasonable time when the defendants failed to abate said nuisance by the removal of said tree, the plaintiff caused said tree to be removed and in so doing incurred an expense of .One Hundred Sixty (160) Dollars which amount of money was a fair and reasonable charge for .the work done in the removal of said tree and the abatement of said nuisance.
“I therefore find for the plaintiff in the sum of one hundred sixty (160) dollars, on the third count of the plaintiff’s declaration. ’ ’
The first count in contract was necessarily based upon an agreement, express or implied, and the second, alleging negligence, was necessarily based upon some negligent act of the defendants, either of commission or omission. As there was no evidence of any agreement and no evidence of negligence, the trial judge could not properly find for the plaintiff. The finding actually made was that of a nuisance which the defendants refused to abate.
It is first necessary to understand what facts the trial judge had in mind in making his finding for the plaintiff. In his finding of fact, by giving the 3d requested ruling he found that “the proximate cause of the fall óf the tree was due to the atmospheric conditions, namely .the ‘Hurricane of September 1944. ’ ” By giving the 21st requested ruling the trial judge recognized the fact that before the fall the tree constituted no nuisance. It was therefore his *179 point of view that the tree standing was no nuisance but became so when the hurricane uprooted it and caused it to fall upon the plaintiff’s land.
The trial judge thus found definitely that the proximate cause of the fall of the tree was the hurricane, the atmospheric condition.
In Salisbury v. Herchenroder, 106 Mass. 458, the court said at 458, 459,
“If the defendant’s sign had been rightfully placed where it was, the question would have been presented whether he bad used reasonable care in securing it. If he had done so, the injury would have been caused without his fault, by the extraordinary and unusual gale of wind which hurled it across the street and against the plaintiff’s window. The party injured has no remedy for an injury of this character because it is produced by the vis major. For example a chimney or roof, properly constructed and secured with reasonable care may be blown off by an extraordinary gale and injure a neighboring building; but this is no ground of action.
“But the defendant’s sign was suspended over the street in violation of a public ordinance of the city of Boston by which he was subject to a penalty . . . He placed and kept it there illegally and this illegal act of his has contributed to the plaintiff’s injury. The gale would not of itself have caused the injury if the defendant had not wrongfully placed this substance in its way. ’ ’
The issue in Salisbury v. Herchenroder, supra, was whether the negligence of the defendant, consisting of a violation of the law which forbade the presence of the sign without a proper authorization, took away from the defendant the benefit of the principle of law that the owner of property is not liable for damage caused to property of another by the application to it of vis major. The court held that the *180 violation of the law became a proximate cause of the injury and that the defendant was not freed from responsibility by the interference of the natural force.
In other cases the court has held that the owner of the “substance” causing damage to another’s property was liable for the damage caused when he was guilty of a violation of law in placing his property in the way of the elements to another’s damage. Derry v. Flitner, 118 Mass. 131, at 134. Gately v. Taylor, 211 Mass. 60, at 64. Heaney v. Colonial Filling Station, 262 Mass. 338, at 342. Frizzell v. Metropolitan Coal Co., 298 Mass. 189, at 190. In two cases the court accepted the other rule of law in Salisbury v. Herchenroder, supra, that there is no liability upon a property owner because of the injury to another caused by the effect upon the defendant’s property of the- natural elements. Sullivan v. Northridge, 250 Mass. 270, at 273. Lyons v. Beesley, 262 Mass. 332, at 334, at 336. See, also, to the same effect, Williams v. Pomeroy, 254 Mass. 290, at 291.
The oases cited are all eases of negligence while here the recovery of the plaintiff is allowed on a count alleging a nuisance. Nuisance and negligence have many things in common and among them is the relation to each of a natural force as a proximate cause.
“A thing or condition which results wholly from accidental or natural causes, without the acts or agency of man, is not a nuisance in the legal sense, unless made so by statute. Thus a land owner is not liable for damages resulting from a nuisance due solely to natural causes and not to any act or negligence on his part, and cannot be compelled to abate such a nuisance.” 39 American Jurisprudence, Nuisances, p. 301, Section 19.
“While it has been said that the -owner of land is under a duty to keep his premises from becoming a nuisance, he is not responsible for any nuisance thereon *181 merely because of bis ownership; . . . But the real 'basis of liability is the wrongful act of creating or continuing the nuisance, rather than ownership or occupancy of the premises, and the bare fact of ownership or of occupancy imposes no responsibility. . . . A land owner is not liable for a nuisance on his premises, unless he created it, unless it was created by some person for whose action he is responsible. . . . But a land owner is not liable for a nuisance created by a stranger or trespasser ... or which is due solely to natural causes and not to any act or negligence on his part. ’ ’ 39 American Jurisprudence, Nuisances, pp. 314, 315, Section 33. See, 21 American & English Encyclopaedia of Law, 2d Ed. Nuisances, Section 14, p. 702.
The important, material principles contained in the two quotations foregoing have been recognized and applied in Massachusetts. A land owner is not liable for a nuisance on land 'adjoining his not created by him. Lowell v. Glidden, 159 Mass. 317, at 319. Catino v. Sorrentini, 288 Mass. 89, at 92. Bamberg v. Bryan’s Wet Wash Laundry, Inc., 301 Mass. 122, at 124. Farolato v. Springfield Five Cents Savings Bank, 310 Mass. 806 at 810. Such a land owner not creating the nuisance, is under no obligation to abate it. Sanborn v. McKeagney, 229 Mass. 300, at 301. Tiffany v. F. Vorenberg Co., 238 Mass. 183, at 184. Catino v. Sorrentini, supra, O’Keefe v. William J. Barry Co., 311 Mass. 517, at 520.
“Although there was an obstruction on the sidewalk in question which could be found to constitute a nuisance, the defendant was, merely by virtue of his ownership of the adjacent land, 'under no obligation to remove it or to guard against injury by reason of its existence’ . . . Since the evidence did not warrant the finding that the defendant created the nuisance or that he had control of it or the place where it existed, he did not become liable to the plaintiff for failure to abate it.” Catino v. Sorrentini, 288 Mass. 89, at 92.
*182 Perhaps the most significant Massachusetts opinion, however, is that in the case of Middlesex Co. v. McCue, 149 Mass. 103, at page 104. The plaintiff was the owner of a mill pond at the bottom of a hill owned by the defendant and used by him as tillage land for raising vegetables. As a result of the defendant’s working the soil of his garden, the surface drainage tended to wash the soil down the hill and to fill the plaintiff’s mill pond. Mr. Justice Holmes in an interesting opinion said that the defendant had a right to cultivate his land in the usual and reasonable way, as- well upon a hill as in the plain and that damage to the lower proprietor of the kind complained of is something that he must protect himself against as best he might. There was in that case as in this absolutely no evidence of negligence, but as in this case, a perfect and normal use of the defendant’s premises which a natural condition transformed into one creating damage for the defendant. The damage to the plaintiff in that case covered a length of time. In this case it was a matter of minutes but it would be no more unreasonable to ask that the defendant in that case remove the filling from the pond than here to ask that he remove the tree.
When the trial judge found as a fact that the fall of the tree was due to the hurricane, he established a fact which made recovery impossible. Those cases which place liability upon a defendant who does not abate a nuisance within a reasonable time after it became a nuisance, see Mahoney v. Libby, 123 Mass. 20, at 22; Green v. Nightingale, 211 Mass. 273, at 276; are not applicable to the facts in this case. They apply to a case where the premises of the defendant are left in a dangerous condition, from which damage to the plaintiff’s premises subsequently results. No damage resulted here after the hurricane. What damage *183 there was was caused by the hurricane and came before, in the nature of things-, the defendant could take any corrective action or could be negligent. Any other rule of law would make an owner of property responsible for all damage caused by his property in the event of a hurricane, which is contra to the statement of law in Salisbury v. Herchenroder, 106 Mass. 458.
As on the facts of the ease recovery by the plaintiff was impossible it was prejudicial error to deny the defendant’s first requested ruling, as well as the second, fifth, sixth, twelfth, thirteenth, fifteenth, sixteenth, seventeenth, eighteenth, twentieth, twenty-second, twenty-fourth, twenty-fifth and twenty-sixth requested rulings, all of which were applicable to the facts. As the giving of these rulings would have compelled a finding for the defendants, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendants.