SARAH W. WATRISS *vs.* FIRST NATIONAL BANK OF CAMBRIDGE.

Middlesex.  Jan. 10, 1879. — Feb. 21, 1881.  COLT & ENDICOTT, JJ., absent

In an action brought by a lessor against a lessee, after the termination of the lease and the surrender of the premises, on the covenant to deliver up the premises in as good condition as they were in at the inception of the lease, the defendant is not aggrieved by a ruling that the measure of damages for the removal of fixtures is the sum required to restore the fixtures, allowing for reasonable use and wear and for the increase in value by substituting new material for old.

CONTRACT for breach of a covenant contained in a written lease given by the plaintiff to the defendant, by which the lessee agreed " to quit and deliver up the premises to the lessor or her attorney peaceably and quietly at the end of the term, in as

good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are." The breach complained of was the taking down and removal of a fire-proof safe and vault, a furnace with pipes and flues, and certain counters. Writ dated February 28, 1876. The answer contained a general denial, and alleged that the defendant owned the property removed.

After the former decision that the defendant was liable, reported 124 Mass. 571, the case was referred to an auditor, who found that, prior to the date of the lease, and while the defendant was in the occupancy of the premises under a former lease, the defendant placed the articles in question on the premises for the purposes of its business; that, on or about November 5, 1875, the defendant took down and removed the articles; that the furnace with the pipes and registers were not fixtures, and the plaintiff was not entitled to recover anything for the removal of the same; and that the other articles named were fixtures, and that the cost of replacing the fixtures removed, less the wear and tear of the same, and making proper allowance for substituting new material for old, was $610, which sum the plaintiff was entitled to recover, unless, as contended by the defendant, the measure of damages sustained by the plaintiff was the depreciation in the value of the premises, in which case she was entitled to recover $125.

At the trial in this court, before *Endicott*, J., without a jury, the plaintiff rested upon the auditor's report; and the defendant offered no evidence. It was conceded by the plaintiff that the defendant, having removed from the demised premises, delivered to her the possession thereof on December 21, 1875; and that the acts complained of were all done prior to that time.

The plaintiff asked the judge to rule that the measure of damages was the cost of replacing the fixtures removed, less wear and tear of the same, making proper allowance for substituting new material for old. The defendant asked the judge to rule that the measure of damages was the depreciation in the value of the premises demised, caused by the acts of the defendant.

The judge declined to rule as requested by the defendant; but ruled as requested by the plaintiff, and found for her for the larger sum named in the auditor's report.

If the ruling was correct, judgment was to be entered for the plaintiff for $610,' and interest from the date of the writ. If the ruling asked for by the defendant was correct, judgment was to be entered for the plaintiff for $125, with interest from the date of the writ. If neither was correct, there was to be a new trial.

*J. W. Hammond,* for the defendant, cited Mayne on Damages (2d ed.) 189, 193, 330; *Vivian* v. *Champion,* 2 Ld. Raym. 1125; *Turner* v. *Lamb,* 14 M. & W. 412; *Doe* v. *Rowlands,* 9 C. & P. 734; *Smith* v. *Peat,* 9 Exch. 161; *Jones* v. *Gooday,* 8 M. & W. 146; *Hosking* v. *Phillips,* 3 Exch. 168; *Lukin* v. *Godsall,* Peake Ad. Cas. 15; *Dodd* v. *Holme,* 1 Ad. & El. 493; *Hide* v. *Thornborough,* 2 Car. & K. 250; *Edwards* v. *Beach,* 3 Day, 447; *Churchill* v. *Watson,* 5 Day, 140; *Bateman* v. *Goodyear,* 12 Conn. 575; *Parsons* v. *Pettingill,* 11 Allen, 507.

*S. H. Dudley,* for the plaintiff.

GRAY, C. J. As a general rule, the measure of damages for the breach of a lessee's covenant to keep in repair, and to surrender the demised premises at the end of the term in as good order and condition as they are in at the beginning of it, is the sum it would cost to repair the premises and put them in the condition they ought to be in. In the time of Lord Holt, this was the rule even in an action brought before the expiration of the lease. *Shortridge* v. *Lamplugh,* 2 Ld. Raym. 798, 803; *S. C.* 7 Mod. 71, 77. *Vivian* v. *Champion,* 2 Ld. Raym. 1125; *S. C.* 1 Salk. 141. In *Vivian* v. *Champion,* that great judge said: "In these actions there ought to be very good damages; and it has always been practised so before me, and everybody else that I ever knew. We always inquire, in these cases, what it will cost to put the premises in repair, and give so much damages, and the plaintiff ought in justice to apply the damages to the repair of the premises."

According to later cases, when the lessor sues on the covenant to repair, pending the lease, and so before he is entitled to possession of the premises, the damages may perhaps be limited to the diminution in the market value of his estate. See *Nixon* v. *Denham,* 1 Irish Law, 100; *S. C.* 1 Jebb & Symes, 416; *Smith* v. *Peat,* 9 Exch. 161; *Macnamara* v. *Vincent,* 2 Irish Ch. 481; *Davies* v. *Underwood,* 2 H. & N. 570; *Bell* v. *Hayden,* 9 Irish

C. L. 301; *Mills* v. *East London Union*, L. R. 8 C. P. 79; Mayne on Damages (3d ed.) 229. But when the action is brought after the end of the term, the measure of damages is still held to be such a sum as will put the premises in the condition in which the tenant is bound to leave them. *Elliott* v. *Watkins*, 1 Jones Exch. 308. *Burdett* v. *Withers*, 7 Ad. & El. 136; *S. C.* 2 Nev. & Per. 122. *Penley* v. *Watts*, 7 M. & W. 601, 610, 611. *Payne* v. *Haine*, 16 M. & W. 541. *Yates* v. *Dunster*, 11 Exch. 15. *Rawlings* v. *Morgan*, 18 C. B. (N. S.) 776. Mayne on Damages, 232, 233. In *Yates* v. *Dunster*, Baron Parke quoted the statement of Lord Holt, above cited, and referred to *Newcastle* v. *Broxtowe*, 4 B. & Ad. 273; *S. C.* 1 Nev. & Man. 598; in which, in an action against the hundred for the demolition of a house by rioters, it was held that the owner of the house was entitled to recover that sum of money which would replace the house, as nearly as practicable, in the situation and state it was at the time of the outrage committed, although the injury to its rental value was only one fourth as much.

Without undertaking to lay down an inflexible rule, applicable to all cases, we are of opinion that in the present case the defendant is not aggrieved by the ruling at the trial. The action is brought after the termination of the lease, and the surrender of the premises by the defendant to the plaintiff. The wrong complained of is not mere dilapidation or suffering to go to decay; but it is the voluntary removal of fixtures that had been annexed to the freehold, and were part of the plaintiff's real estate, at the beginning of the lease sued on. *Watriss* v. *Cambridge National Bank*, 124 Mass. 571. In such a case, the measure of damages must be the sum which will put the premises in the condition in which the defendant was bound to leave them, allowing for reasonable use and wear. When that sum is less than the diminution in the market value of the premises by the removal of the structures, neither party suffers by this rule; because the plaintiff, by applying that sum to the restoration of the premises, obtains a full indemnity. When, as in this case, that sum exceeds the amount of the injury to the market value of the premises, the plaintiff is entitled to it; otherwise, a tenant who, without the consent of his landlord, had altered the nature or the arrangement of the buildings demised,

might escape all liability for more than nominal damages for the breach of his covenant, by proving that his alterations had increased the market value of the estate. *Elliott* v. *Watkins*, above cited. *Maddock* v. *Mallet*, 12 Irish C. L. 173.

This case is not distinguishable in principle from *Lawton* v. *Fitchburg Railroad*, 8 Cush. 230, which was an action for breach of an agreement to build fences between the lands of the plaintiff and of the defendant; the defendant contended that the plaintiff could only recover damages for the injury to his land by its being unfenced; but it was held that he was entitled to the sum which it would fairly cost to put up the fences according to the agreement.

Whether the defendant is legally entitled to an allowance for the increase of value by substituting new material for old need not be considered, because in this case such an allowance has been made with the plaintiff's assent.

*Judgment for the plaintiff for the larger sum.*