(No. 16741.—Appellate Court reversed; superior court affirmed.)
DAISY H. HARTS, Defendant in Error, *vs.* ARNOLD
BROTHERS, Plaintiff in Error.

*Opinion filed October 28, 1925.*

LEASES—*when cost of restoration is not proper measure of damages for waste.* In a suit by a lessor against a lessee for an accounting for waste and an injunction to prevent further alteration of the premises, the rule that damages are to be measured by the cost of restoring the premises to the condition they were in at the time the lease was made cannot be applied where the lease itself recognizes the right of the tenant to make alterations on condition that he restore the premises at the expiration of the term, and where the term has not yet expired the lessor can recover only nominal damages and any damages that may be shown to have affected the reversion or market value.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

EDWARD A. ZIMMERMAN, and HAROLD J. CLARK, for plaintiff in error.

BURKE, JACKSON & BURKE, and EDWIN B. HARTS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error filed her bill in the superior court of Cook county against the plaintiff in error, a corporation, seeking an accounting for waste and. an injunction. On hearing, the court granted an injunction and referred the cause to the master in chancery for an accounting of the nature, number and amount of the several acts of waste, and of the damages to the landlord, if any, on account of payment by her of increased insurance premiums. The master found that the buildings of the complainant had been damaged to the amount of $1328.28. The measure of damages applied by him was the cost of restoring the premises to the condition in which they were at the time the lease was made. Objections having been filed by the tenant, plaintiff in error here, the same, on hearing as exceptions before the chancellor, were sustained and a decree was entered, in which the chancellor held the proper measure of damages for waste to be the decrease in the market value of the buildings by reason of each of the several acts of waste. The chancellor also finds in his decree that the complainant had offered no evidence as to decrease in the market value of the buildings, and the decree entered awards the complainant, defendant in error here, nominal damages in the sum of $5. The landlord appealed to the Appellate Court. That court affirmed the decree of the superior court as to the order denying the complainant the right to recover damages by reason of increased insurance rates but reversed the holding of the superior court as to the measure of damages and held such to be the cost of restoring the premises to their former condition.

318—27

The premises in question consist of two old buildings, one of which had been at one time used for a mill and the other as a stable. The plaintiff in error had been in possession of both buildings under separate leases, but on May 1, 1920, a new lease was executed for a period of five years covering both buildings. The leases contained no restrictive clauses as to the use of the buildings, and during the period of the first lease the plaintiff in error made certain alterations in the buildings. It is alleged in the bill and shown on the hearing that certain other changes were subsequently made, and one building was so changed as to render it convenient for use as a soap factory. It is for these changes that this action has been brought. The bill was filed during the term of the lease.

The lease contained the following language: "The lessee having made alterations in said premises during its present tenure thereof, agrees to restore the said premises at the termination of this lease to their original condition as required, less reasonable wear and tear." The lease contained also the usual covenants regarding the care of the buildings and the condition in which they should be surrendered at the termination of the tenancy.

It is admitted that the landlord had been to no expense in repairing the buildings. The principal question to which the briefs of counsel are addressed is that of the measure of damages. Courts of this country are not in accord on the rule as to what constitutes a proper measure of damages where suit has been brought for waste during the term of the tenancy. The matter has not been squarely presented to this court. The view we take in this case, however, of the language of the lease herein quoted, does not make it necessary to go into the question as to what rule should be applied. That language, which appears not to have been presented to the Appellate Court in the briefs, if it be given meaning at all, must be construed as an understanding between the landlord and tenant that any alterations made by

the tenant shall be corrected at the termination of the lease, if the landlord elects to have them so corrected, by restoring the premises to their original condition. True, such language does not consent to a depreciation of the landlord's reversion in the premises by such alterations, but, so far as the alterations are concerned, the language must be construed as an agreement that they shall be corrected at the close of the term if the landlord so elects. While it is not a matter of justification for acts of waste that the tenant agree to at some future time put the premises in such condition as they were when the lease was made, as the landlord has a right to continuation of the state of things as they existed when the injury was done, (*Klie* v. *Broock*, 56 N. J. Eq. 18,) yet where, as here, the parties by the terms of the lease recognize the right of the tenant to make changes on condition that he restore the premises at the close of the tenancy, such agreement must be held to prevent the application of the rule as to measure of damages. In such a situation the landlord is not entitled to recover, during the term of the tenancy, for any damage except that resulting to the reversion. Such damage, if any, is the difference between the market value before and after the changes were made. (*Watrous* v. *Cambridge Bank,* 130 Mass. 343; *Bodkin* v. *Arnold,* 48 W. Va. 114.) No evidence appears to have been offered of injury to the reversion by reason of the alterations complained of, and the superior court was therefore right in allowing nominal damages.

Defendant in error has cited numerous cases holding that the proper measure of damages is the cost of restoring the premises to the condition in which they were before the waste was committed. These cases, however, have been those either where the landlord has made repairs and sued for re-imbursement, or where the tenant has, when called upon, refused to restore the property to its former state, or cases arising under breaches of covenants to repair

the buildings and keep them in repair. These cases are therefore not in point here, where, as we have seen, there is language in the lease which is, in effect, a permission to the tenant to make alterations on condition that he, at the close of the term of the tenancy, shall, if ordered to do so by the landlord, restore the premises to their original condition. The lease had yet years to run, and the tenant was bound, at the close of the term, to make the necessary repairs, if ordered to do so. We are of the opinion, therefore, that it was error on the part of the Appellate Court to hold that the correct measure of damages to be applied in this case was the cost of restoration.

It was also claimed in the bill that the complainant had a right to recover the difference in cost of insurance premiums by reason of the changes made in the buildings. The lease contained an agreement as to insurance, as follows: "Lessee agrees not to use the premises in any manner that may increase the present rate of insurance thereon, and if it does so use the premises, the lessee agrees to reimburse the lessor or her representatives for any additional premiums of insurance she or they may pay or become liable to pay by reason of such use, on demand." It is contended that this entitled the complainant to recover the increased insurance premiums, amounting to $52.10. The chancellor and the Appellate Court found that the evidence established that the increased rate of premiums was on a building on the premises not mentioned in the lease and therefore not under the terms of this provision thereof. While cross-errors have been assigned by the defendant in error herein on that finding, the record does not justify our disturbing it.

For the reasons herein given, the judgment of the Appellate Court is reversed and the decree of the superior court is affirmed.

*Appellate Court reversed; superior court affirmed.*