JOHN LYONS, executor, *vs.* JOSEPH L. BEASLEY & others.

Middlesex.     November 8, 1927. — January 25, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Construction of lease, Repair.

A lease in writing of a greenhouse provided, " All repairs to be made by the
lessee but the paint stock for first painting shall be supplied by lessor,"
and required the lessee " to quit and deliver up the premises to the Lessor,
his attorney, peaceably and quietly, at the end of the term, in as good
order and condition, reasonable use and wearing thereof, fire and other
unavoidable casualties excepted, as the same now are, or may be put
in by the said Lessor." It forbade any alteration unless the consent
of the lessor was obtained.    In a suit in equity against the lessee founded
on a contention that he had violated the last quoted covenant, a master
on unreported evidence found that the greenhouse at the time of the
letting had structural weaknesses from lack of set screws and a weakened
back wall, as a result of which, after an unusual snowstorm, it collapsed
although the defendant used reasonable efforts to prevent its doing so,
and that restoring it would require the building of a new back wall, the
raising of the roof, and the placing of set screws in the uprights to hold
the roof in place.  *Held,* that
    (1) The covenants did not require the lessee to reconstruct the
greenhouse;
    (2) The suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on January 31,
1922, and described in the opinion.

The suit was referred to a master.    Material facts found
by the master are stated in the opinion.    By order of *Cox,* J.,
there were entered an interlocutory decree overruling excep-
tions by the plaintiff to the master's report and confirming
the report, and a final decree dismissing the bill.    The
plaintiff appealed.

*J. G. Brackett,* for the plaintiff.

*F. S. Deitrick,* for the defendants Beasley.

BRALEY, J.    The plaintiff's testatrix on October 25, 1919,
leased to the defendant Beasley "two greenhouses and head
house adjacent thereto and land upon which the same stand
upon the Southeasterly side of Winter street in . . . Arling-

ton" for the term of two years from the first day of November, 1919. The lease among other provisions contained the following covenants: "All repairs to be made by the lessee but the paint stock for first painting shall be supplied by lessor. Lessee to pay water rates; other taxes by the lessor"; and "to quit and deliver up the premises to the Lessor, his attorney, peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put in by the said Lessor." The lessee entered into possession and the bill, which was filed January 31, 1922, alleges that the lessee, to whom we shall hereafter refer as the defendant, did not keep the premises in a proper state of repair, but "carelessly and negligently suffered said premises to get out of repair and become partially demolished, and did not at the completion of the term of said lease deliver up the premises to the lessor in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same were in at the time said lease was executed or were put into by said lessor, but left said premises in a dilapidated and ruinous condition, so that the value of said greenhouses was almost entirely destroyed, necessitating the expenditure of large sums of money to restore said property to rentable condition." The plaintiff prays that the damages suffered may be determined and established and that certain transfers of his property fraudulently made by the lessee to the other defendants be set aside, and the property, and its proceeds, applied in payment. The questions to be decided are whether there had been a breach of the covenants as to the greenhouse referred to in the record as the "Winter Street greenhouse," it not being claimed that the other greenhouse had fallen into disrepair.

The defendant was bound to deliver the premises in the same good order and condition as they were in at the date of the lease, reasonable use and wear, fire and other unavoidable casualties excepted. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589, 592. It was found by the master to whom the case was referred, "that sometime in February, 1920, and

probably around February 26, and prior to February 28, 1920, the roof of the Winter Street house collapsed so that the property was considerably damaged and that this damage was not thereafter repaired by the lessee at any time, so that the premises were not delivered up to the lessor in as good order as when they were received." The covenants did not require the lessee to reconstruct the greenhouse, which, if done, would require, as shown by the report, the building of a new back wall, the raising of the roof, and the placing of set screws in the uprights to hold the roof in place. The lease forbids any alteration unless the consent of the lessor is obtained. *Ball* v. *Wyeth*, 8 Allen, 275, 278, 279. *Weeks* v. *Wilhelm-Dexter Co.*, *supra*. It would follow under the finding, that, unless the lessee could show that the condition of the greenhouse when the term ended was within any of the exceptions, he was liable in damages. The master, however, on unreported evidence finds, that the greenhouse did not have set screws to hold the purlines and the posts to the castings, and that at the time of the demise the greenhouse "was not in good order and condition but was in poor physical condition . . . and had structural weakness from the lack of set-screws to hold uprights and purlines, and that the back wall was in such weakened condition that the roof was likely to be raised from the unfastened posts and thus to cause its collapse, if subjected to heavy stress of snows or storms." It also appears in the report that in February, 1920, there were storms causing heavy deposits of snow to accumulate, and although the defendant cleaned off some of the snow, and endeavored to support the roof which had begun to sag under the weight, the roof finally fell in, carrying with it other parts of the structure. The storms, the master reports, were on the whole of a severity which could not reasonably have been foreseen, and were extremely unusual if not unprecedented. In a very full report it is found on all the evidence "that the defendant has not failed in any duty to repair the premises, or broken his covenant for redelivery." The general finding, that the greenhouse collapsed because of structural weakness when subjected to the climatic conditions described, is conclusive. *Ginn* v. *Almy*, 212 Mass. 486, 496.

What has been said disposes of the exceptions of the plaintiff to the master's findings on the question of liability, which are amply supported by the facts as marshalled in the report founded upon evidence before him, but which is not before us. The defendant is found to have used reasonable care to prevent the collapse, and that it would not have happened except for the extraordinary and unusual snowfalls, and it was correctly held by the trial court that the suit could not be maintained. *Salisbury* v. *Herchenroder,* 106 Mass. 458, 459. *Williams* v. *Pomeroy,* 254 Mass. 290, 291.

It is unnecessary to consider the validity of the defendant's transfers of his property.

The interlocutory decree overruling the exceptions and confirming the report is affirmed, and the final decree dismissing the bill is also affirmed with costs.

*Ordered accordingly.*