SAMUEL L. GINSBURG & others *vs.* MAX JACOBSON.

Suffolk.   May 14, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Landlord and Tenant,* Construction of lease, Repairs.

A lease in writing of an entire "four-story and basement brick and frame dwelling" contained covenants by the lessee to do the inside repairs and remove snow and ice "from the demised premises and its approaches and from the sidewalks bordering thereon," to keep the inside of the premises in such repair or condition as the same were in at the commencement of said term, or might be put in during the continuance thereof, damage by fire and unavoidable casualty excepted, and at the expiration of the term to yield up the premises "in good repair, order, and condition in all respects, damage by fire or other unavoidable casualty excepted." There was no agreement requiring the lessor to make repairs. *Held,* that, upon the expiration of the lease, the lessee was obliged to yield up the exterior of the building in good condition, and was liable for a failure to repair the outside of the premises and to place them in good order, repair and condition.

CONTRACT.   Writ dated December 6, 1928.

In the Superior Court, the action was tried before *Morton,* J.   Material evidence and exceptions saved by the plaintiffs are stated in the opinion.   There was a verdict for the defendant.   The plaintiffs alleged exceptions.

*A. A. Ginzberg,* for the plaintiffs.

*G. I. Cohen,* for the defendant.

CARROLL, J.   In this action of contract the plaintiffs seek to recover for the defendant's failure to perform the covenants of a lease.   The plaintiffs leased to the defendant the entire premises "Consisting of a four-story and basement brick and frame dwelling," "numbered 123–125 Merrimac Street, running through to Lancaster Street, in Boston."

The defendant paid the rent until the term expired on October 31, 1927. The lessee Jacobson by covenant A agreed to do the inside repairs and remove snow and ice "from the demised premises and its approaches and from the sidewalks bordering thereon." By covenant B the lessee was to keep the inside of the premises in such repair or condition 'as the same are in at the commencement of said term, or may be put in during the continuance thereof, damage by fire and unavoidable casualty excepted. Covenant C required the lessee to restore broken glass unless broken by fire, and to defray the expenses of emptying and cleaning drains. Then follows covenant D, the meaning of which is in dispute. It is in these words: "And at the expiration of the said term [the lessee] will peaceably yield up to the lessors the said premises, and all erections and additions made to or upon the same, in good repair, order, and condition in all respects, damage by fire or other unavoidable casualty excepted; and during said term and for such further time as aforesaid, the said premises shall not be overloaded, damaged, or defaced." The lease contained no agreement requiring the lessors to make repairs.

The plaintiffs contended that at the end of the term the outside wall of the leased premises was not in good repair, order and condition; that the premises were not delivered to the plaintiffs in such good repair and condition as required by the lease, that this wall was in danger of falling and was in an unsafe condition. The defendant's contention is that covenant D is to be construed in connection with the other covenants of the lease; that he covenanted merely to do certain inside repairs, and that covenant D did not require him to surrender the premises with the outside wall in good condition.

The plaintiffs offered evidence tending to show that at the end of the term the exterior wall of the building was in a defective condition, that the front wall "was in a damaged and unsafe condition." This evidence was excluded. The plaintiffs asked the judge to instruct the jury that the defendant, under the covenant, was bound at the expiration of the lease to deliver "the outside of the premises in good

repair, order and condition in all respects, irrespective of the condition of the same at the commencement of the term"; "That the lessee did undertake, by the terms of the lease, to leave the outside of the building in good repair." These requests were denied. The judge charged the jury in substance that the lessee was not bound to make outside repairs, that covenant D did not apply to the outside of the building and applied only to the condition of the interior of the premises. The case is here on the plaintiffs' exceptions.

The defendant covenanted to make all inside repairs, and by covenant B agreed to keep the inside of the premises in the same condition as they were in at the beginning of the lease or might be put in during the continuance thereof, fire and other casualty excepted. By covenant D however there was no special reference to the inside of the premises. The covenant was to deliver "said premises" in good condition. To support the defendant's contention it would be necessary to hold that covenant D has reference only to the inside of the building. There would be force in this contention if covenants B and D cannot be reconciled. *Ball* v. *Wyeth*, 8 Allen, 275, 278. If possible all the covenants are to be interpreted together, so as to give meaning to each covenant. *Ball* v. *Wyeth*, 8 Allen, 275. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589, 592. *Perry* v. *Wilson Bros. Inc.* 260 Mass. 519, 521.

Covenant B, to keep the inside of the premises in such condition as same were in at the beginning of the term, bound the lessee to return the interior of the building in as good shape as it was in at the date of the lease, subject to the exceptions in the contract. *Cawley* v. *Jean*, 218 Mass. 263, 268, 269. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589. Covenant B is not wholly irreconcilable with covenant D. By covenant D the defendant was bound to return the entire property "in good repair, order, and condition in all respects"; that is, to turn over the premises in a rentable condition. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589.

Taking the two covenants together, the defendant was obliged to yield up the exterior of the building in good con-

dition, and the inside in such condition that it would comply with this standard and also with the standard set in covenant B. In this respect the case is governed by *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589. In that case there was a covenant to maintain the premises in such repair as the same were in at the commencement of the lease, and the further covenant, at the expiration of the lease to yield up the premises "in good repair, order, and condition." It was held that under the first covenant the lessee was bound to deliver the premises in the same condition as they were in at the date of the lease and that the second covenant was not repugnant to the first one; that under the second covenant the lessee was to restore the building to a rentable condition; and it was further held that under this construction all parts of the instrument were reconciled.

The lessors were under no obligation to repair the outside of the building, as the jury were instructed. There was nothing in the lease requiring this. *Kearines* v. *Cullen,* 183 Mass. 298. *Leominster Fuel Co.* v. *Scanlon,* 243 Mass. 126, 128. *Wierzbicki* v. *Thacher,* 273 Mass. 346, 348. And the lessors did not assume this duty by repairing the roof on one occasion. The lessee, therefore, is liable for his failure to repair the outside of the premises and place them in good order, repair and condition. The evidence offered by the plaintiffs showing the condition of the front wall was admissible. There was error in the instructions given to the jury.

*Exceptions sustained.*