KING FEATURES SYNDICATE, INC. *vs.* CAPE COD BROADCASTING CO. INC.

Barnstable.    January 5, 1945. — February 6, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Contract,* Construction. *Practice, Civil,* Case stated, Appeal. *Damages,* Nominal.

A "statement of agreed facts" containing a letter which "may be submitted in evidence," a computation which "may be considered by the court," and a summary of lost profits as to which the "plaintiff will testify," was merely an agreement as to evidence and was not a case stated.

Whether an order for judgment in an action at law based solely on a "statement of agreed facts" constituting merely an agreement as to evidence, not a case stated, was warranted by the evidence, was a "matter of law apparent on the record" within G. L. (Ter. Ed.) c. 231, § 96, and an appeal lay from such order.

A contract dated March 13, 1942, for the sale of news reports by a news service to a radio broadcasting company, containing a provision that it should continue for five years from October 1, 1942, and thereafter for further periods of five years until a certain termination notice should be given, and also containing a provision that it should "become effective" upon thirty days notice given by the broadcasting company "at any date prior to" October 1, 1942, took effect in any event on October 1, 1942; the thirty day provision was merely an option allowing the broadcasting company to make it effective at an earlier date.

An order for judgment for the defendant in an action at law for breach of contract must be reversed where it was established only that on a proper construction of the parties' contract there had been a breach by the defendant, since the plaintiff would be entitled to nominal damages at least.

CONTRACT.    Writ in the Superior Court dated December 5, 1942.

The action was heard by *Hurley,* J.

*G. J. Schuman,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

WILKINS, J. This is an action for breach of a written contract whereby the plaintiff was to furnish leased wire news reports to the defendant. The case was heard on a "statement of agreed facts" by a judge, who ordered judgment for the defendant. The plaintiff appealed.

The "statement of agreed facts" contained a letter which "may be submitted in evidence," a computation which "may be considered by the court," and a summary of lost profits as to which the "plaintiff will testify." Accordingly, it is not an agreement upon "all the material ultimate facts on which the rights of the parties are to be determined by the law," and is not a case stated but an agreement as to evidence. *Frati* v. *Jannini*, 226 Mass. 430, 431. *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310, 313, *S. C., ante*, 245, 249. The appeal lies, since the order appealed from was founded solely upon the "statement of agreed facts," which is treated as part of the record, although the only "matter of law apparent on the record" is whether the order is warranted by the evidence. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 716, and cases cited. See *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471. The construction of the written contract set forth in the statement is treated as a question of law. *Rizzo* v. *Cunningham*, 303 Mass. 16, 20. *Atwood* v. *Boston*, 310 Mass. 70, 75. *Bielanski* v. *Westfield Savings Bank*, 313 Mass. 577, 581.

The contract, which is dated March 13, 1942, is on a printed form in which certain parts are typewritten. It provides for the sale with broadcasting privileges of daily leased wire news reports by the plaintiff (also known as International News Service) to the defendant, which is described as the owner of a radio station in West Yarmouth, in return for weekly payments by the defendant. The contract also provides: "Seventh: This agreement shall continue for five years from *October 1st, 1942* and shall thereafter renew itself continuously for periods of five years unless either party shall notify the other by registered letter received at least six months before the beginning of the first renewal period or any subsequent renewal periods, of

its desire to terminate this agreement, in which event this agreement shall terminate at the beginning of the next renewal period which would have commenced thereafter; otherwise it shall remain in full force and effect, subject to all terms and conditions hereof." The italicized portions are typewritten and the remainder printed. The following is typewritten: "Thirteenth: This contract shall become effective upon thirty days of notice given to the International News Service by the Cape Cod Broadcasting company, at any date prior to October 1st, 1942." The other provisions, most of which are printed, are not now material. On or about October 1, 1942, the defendant refused to accept the plaintiff's service.

The question to be decided is whether the contract became effective only upon thirty days' notice by the defendant, or whether it became effective in any event on October 1, 1942, and the thirty day provision was merely an option allowing the defendant upon such notice to make the contract effective at any earlier date. We are of opinion that the latter construction is the correct one. The contract is to be interpreted as a whole. *Murray* v. *Edes Manuf. Co.* 309 Mass. 395, 401. *Bielanski* v. *Westfield Savings Bank,* 313 Mass. 577, 581. If possible, reasonable effect must be given to all its provisions. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589, 592. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 155. *Ginsburg* v. *Jacobson,* 276 Mass. 108, 110. *Codman* v. *Hygrade Food Products Corp.* 295 Mass. 195, 199. *Crystal Concrete Corp.* v. *Braintree,* 309 Mass. 463, 468. Its main purpose should be promoted where its language permits. *Warren* v. *Merrifield,* 8 Met. 93, 96. *Eustace* v. *Dickey,* 240 Mass. 55, 72. The same is true where the contract is partly printed and partly written or typewritten, although in case of conflict the printed part must yield to the other, which is more likely to represent the intent of the parties. *Ball* v. *Wyeth,* 8 Allen, 275, 278. *Perry* v. *Wilson Bros. Inc.* 260 Mass. 519, 521. *Taber* v. *Beaudette & Graham Co.* 262 Mass. 99, 103. *Welch* v. *Gordon,* 284 Mass. 485, 487. *Malden Knitting Mills* v. *United*

*States Rubber Co.* 301 Mass. 229, 232. See *Smith* v. *Flanders*, 129 Mass. 322, 323. As to the foregoing principles, see Williston on Contracts (Rev. ed.) §§ 618, 619, 622; Am. Law Inst. Restatement: Contracts, §§ 235 (c), 236 (a), (b), (c). In the contract in question the two paragraphs arguably in conflict, in so far as they relate to the one disputed question of the time for the beginning of performance, are typewritten. There is, however, no real conflict here. A formal agreement for a long term was made to take effect not earlier than a date more than six months in the future, and was to "continue for five years from October 1st, 1942," and possibly substantially longer. This impresses us as being the main purpose of the agreement. It was reasonable to provide also that upon notice the defendant, which was using another news service when the contract was made, might bring the contract into operation at an earlier date. This we think is an incidental purpose of the parties. In all reasonable likelihood they would not have made the contract in this roundabout form were it to have no effect whatsoever unless, not later than thirty days before October 1, 1942, the defendant might elect in favor of performance. Had it been intended to contract for the sole purpose of affording the defendant an option for the plaintiff's service, the direct expression of the agreement in the form of an option would have been simpler and would have been the natural phraseology to expect. This result gives full effect to paragraph 7 and allows rational scope for operation of paragraph 13.

Although the judge could reject the evidence as to lost profits, breach of the contract entitled the plaintiff to nominal damages at least. *Hagan* v. *Riley*, 13 Gray, 515, 516. *Todd* v. *Keene*, 167 Mass. 157, 158–159. *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 629.

*Order for judgment reversed.*