R. E. GUERIN TRUCKING CO., INC., petitioner to establish the truth of exceptions. December 4, 1945. Petition dismissed. And it is further ordered that the clerk make appropriate entries upon the docket of the Superior Court for said County of Worcester in the case of R. E. Guerin Trucking Co., Inc. *vs.* Ernest G. Sturtevant. This is a petition of the plaintiff in the case of R. E. Guerin Trucking Co., Inc. *vs.* Ernest G. Sturtevant to establish the truth of exceptions. The petition does not conform to the requirements of the statutes and rules. G. L. (Ter. Ed.) c. 231, § 117. Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926). 252 Mass. 585, 587. It contains no allegation verified by affidavit that the bill of exceptions conforms to the truth. *Levine, petitioner*, 301 Mass. 612. *Andersen, petitioner*, 301 Mass. 612. The petition must be dismissed.

*A. E. Moroney*, for the petitioner.

*F. P. Ryan*, for the respondent.

HAROLD B. HODGDON *vs.* MARION E. HAGQUIST. December 6, 1945. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court in the matter of the alleged will of Annie F. Dunbar, late of Winchester, deceased, denying a motion of the contestant for the framing of issues for trial by jury. Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion. See *Hannon* v. *Gorman*, 296 Mass. 437.

*B. H. Squires*, for the respondent.

*D. H. Fulton*, for the petitioner.

KING FEATURES SYNDICATE, INC. *vs.* CAPE COD BROADCASTING CO. INC. December 6, 1945. Order for judgment affirmed. Judgment for the plaintiff in the sum of $1. This action of contract was brought in the Superior Court upon a "statement of agreed facts" submitted as evidence. The judge ordered judgment for the defendant. Upon appeal to this court, this order was reversed. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652. Thereafter the case was heard upon the same "statement of agreed facts" and the judge found for the plaintiff and assessed damages in the sum of $1. This finding is to be regarded as an order for judgment. The defendant did not appeal. The plaintiff, however, appealed and contends that it is entitled to damages in a larger sum. The sole question for our decision is whether this order was warranted by the evidence. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 655. Even if the evidence submitted by agreement warranted a finding of damages in a larger sum, it did not require such a finding. Consequently there was no error.

*H. E. Hunziker*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.