ZOTTOLI, J.
This is an action of contract in which the plaintiff seeks damages for the alleged breach of certain covenants of a lease of premises in *[68] Everett, Massachusetts, given by the plaintiff to the defendant on January 23, 1946. The defendant’s answer, in so far as is now material, is a general denial.
The lease contained a covenant that the lessee would "keep all and singular the said premises in such repair, order and condition as the same are in at the commencement of said term or may be put in during the continuance thereof, damage by fire or other unavoidable casualty only excepted.” It also contained the further covenant that the lessee would peaceably yield up to the lessor the said premises, and all erections and additions made to and upon the same, in good repair, order and condition in all respects, damage by fire or other unavoidable casualty excepted.
At the trial there was evidence to show: That the defendant entered into occupancy of the leased premises, some time in 1943; that the premises were then heated by a hot air furnace; that subsequent to the execution of the lease, a fire occurred in the building of which the leased premises were a part, which required substantial repairs to the building and the leased premises so that the same could be used for occupancy; that the plaintiff had arranged to replace the damaged heating system with another hot air furnace; that the defendant — arranged with the contractor to replace the damaged hot air furnace with the steam heating system and contributed part of the additional expense in installing the same; that in connection with the installation of said heating system, a second hand boiler was installed, which was old and worn but in operating order and remained in operating order for several years after it was installed.
"At some time prior to the time'the defendant vacated the premises, the defendant had trouble with the steam heating system and a crack appeared in said boiler.” That after the defendant vacated the leased premises — a new tenant — reported to the plaintiff that the steam heating boiler was broken and damaged and the plaintiff replaced the broken and damaged steam heating boiler with another second hand boiler at a cost of $225.00.
At the close of the evidence the plaintiff duly filed six requests for rulings. The court granted the 1st, 3rd and 5th of these requests and denied those *[69] numbered 2, 4 and 6 and has reported the plaintiff’s alleged grievance by the court’s action thereon.
The plaintiff has not specifically briefed the requests which the court denied but apparently, in substance, contends that the defendant, in effect, covenanted to replace the heater by another of the same kind at the end of the term. This contention is not sound. It is well settled that if possible all the covenants relating to the same subject-matter are to be interpreted together, so as to give meaning to each covenant. Ginsburg v. Jacobson, 276 Mass. 108, 110; Codman v. Hygrade Food Products Corp., 295 Mass. 195, 199.
It is inferrible from the evidence reported that the substitution of heaters took place by agreement of the parties to the lease. Under these circumstances the lessor waived whatever rights he had arising out •of that part of the covenant which required the lessee “to keep all and singular the said premises in such repair, order and condition as the same are in at the commencement of said term.” Whatever obligation the lessee had after the substitution of the “steam heating system” for the hot air heater, arose out of that part of the covenant which related to the Condition of the premises it "may be put in during the •continuance” of the term of the lease; with the exceptions contained in the covenant, with which we are not concerned.
At best it was the condition of the “steam heater” when it was installed that the lessee bound himself to maintain. The plaintiff had a right to demand under this covenant in the lease that the lessee leave the premises as it had been altered during the term by the agreement of the parties. This is the extent of his right. To repeat, he cannot require that they be restored to their original condition so far as it had been altered or changed with his consent during the term. The case falls within the doctrine set forth in the Case of Cawley v. Jean, 218 Mass. 263, 268, 269 on these issues.
The evidence reported, with the reasonable inferences to be drawn therefrom, warrant findings that the “steam heater” which replaced the “hot air heater” had, when installed, reached a condition of degeneration which rendered it of little or no value and not *[70] worthy of reasonable efforts to repair or regenerate it. The evidence reported does not compel a finding that the “steam heater” when it was installed, nor When it finally disintegrated could by reasonable efforts be made useful. In so far as the evidence discloses, the “steam heater” when installed was in such a state of degeneration that it ceased to function before the term of the lease had expired. It requires no citation of authorities to show that the burden of proof was on the plaintiff to establish that the covenant relied on had been breached by the defendant. It could not on the evidence reported and the reasonable inferences to be drawn therefrom be ruled as requested by the plaintiff in his request No. 2, "that there is insufficient evidence to warrant a finding for the defendant,” or, as requested in his request No. 4, “that if the heating boiler located on the premises, known and numbered as 33 Norwood Street, Everett, Massachusetts, was damaged or broken at the time the defendant vacated said premises, the defendant is liable to the plaintiff for the fair value of the repairs, or replacements necessary to put said heating boiler in good repair, order and condition." Nor was there error in the court’s denial of the plaintiff’s request No. 6, which is a rather long request containing four sub-divisions. It will serve no useful purpose to set it out in detail. Suffice to say that it assumes facts not found by the court and which it was not on the evidence reported, required to find and was therefore rightly denied. Codman v. Beane, 312 Mass. 570, 575; Mahoney v. Norcross, 284 Mass. 153.
Report dismissed.