Kathleen L. BURNS and George Burns, Appellants,

v.

CATHOLIC UNIVERSITY OF AMERICA, a body corporate, Appellee.

No. 14077.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1957.

Decided March 6, 1958.

---

1. C. 287, 58 Stat. 390, as amended (5 U.S.C.A. § 851 et seq.).

Mr. Dorsey K. Offutt, Washington, D. C., with whom Mr. David F. Smith, Washington, D. C., was on the brief, for appellants.

Mr. Richard W. Galiher, Washington, D. C., with whom Mr. William E. Stewart, Jr., Washington, D. C., was on the brief, for appellee.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.

## PER CURIAM.

Appellant Mrs. Burns fell down a stairway outside a church, allegedly because a portion of worn metal stripping on the stairs caught her shoe and tripped her. The complaint against appellee Catholic University alleged negligence in maintenance of the stairs and violation of a duty assumed by the University to maintain. At the close of appellants' evidence, the trial court directed a verdict for the University, on the ground there was insufficient evidence of negligence to go to the jury. We affirm because it is clear that the University owed no duty to inspect or maintain the steps of the church on which Mrs. Burns was injured and we need not reach the question of the sufficiency of evidence of negligence.

The church building, including its stairs, is owned not by the University but by the National Shrine of the Immaculate Conception.[1] Appellants claim the University undertook the continuing and exclusive duty of inspection and maintenance of the church building, but appellants' evidence does not support this contention. Appellants' evidence shows the Shrine had its own maintenance crew, consisting of a charwoman, a handyman and janitors, who worked regularly at cleaning the building, inspecting, and reporting needed repairs. The crew would perform minor repairs. Major repairs were performed by the University upon written requisition and for which the Shrine paid the University. Apart from that, the University maintenance men occasionally advised the Shrine of disrepair which they had noticed in passing, and occasionally performed minor items of repair, sometimes without fee or formality.[2] The most that can be said is

[1]. The church building and its grounds are located on the campus of Catholic University, and were formerly owned by the University. Since 1947, however, the Shrine has been in existence as a separate and distinct corporate entity, operating on its own funds, and has owned the buildings and grounds in its own name. The Shrine and the University have common trustees and a common corporate manager, but their affairs are separately administered.

[2]. Cf. discussion in Bowles v. Mahoney, 1952, 91 U.S.App.D.C. 155, at page 159, 202 F.2d 320, at page 324, certiorari denied 344 U.S. 935, 73 S.Ct. 505, 97 L. Ed. 719; Ginsburg v. Jacobson, 1931, 276 Mass. 108, 176 N.E. 918.

that the University stood ready to perform repairs to the church upon request and for a fee, and on occasion performed gratuitous inspections and repairs, but this falls far short of showing a continuing duty to inspect and repair.[3]

Affirmed.

---

3. It is unnecessary to consider the question of any duty owed by the Shrine; appellants' complaint as against the Shrine was dismissed and the dismissal is not challenged here.