MARGARET D. McLEAN vs. CITY OF MEDFORD.

Middlesex.    February 5, 1965. — April 29, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Pension. Police. Evidence*, Presumptions and burden of proof. *Municipal Corporations*, Officers and agents. *Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

An award of an annuity to the widow of a retired police officer under G. L. c. 32, § 89A, was warranted by a certificate of the medical board reciting that the officer had been retired for heart disease "of undetermined origin," that his death some two years later was due to the same disease, and that "there was no evidence that the disease was not service connected," together with the presumption afforded by § 94. [120]

A city treasurer, to whom had been sent a certificate of a medical board following an application by the widow of a police officer for an annuity under G. L. c. 32, § 89A, prior to its amendment by St. 1963, c. 614, had no standing to pass upon the legal sufficiency of the certificate or to revise a decision of the "appropriate public authority" granting the annuity. [120]

In an action heard without jury, no prejudicial error appeared in the exclusion of evidence which the judge stated would not "alter . . . [his] rulings and findings" even if it was admissible. [120–121]

Where an application made by the widow of a city police officer in 1954, shortly after his death, for an annuity under G. L. c. 32, § 89A, was refused, but following a decision of this court in the matter a second application made in 1961 was accepted and was granted effective as of the date of the first application, there was no merit in an attack by the city on such effective date on the asserted ground that it should have been the date of the second application. [121]

CONTRACT.    Writ in the First District Court of Eastern Middlesex dated May 21, 1962.

Upon removal to the Superior Court the action was heard by *Kalus*, J., who found for the plaintiff. The defendant alleged exceptions.

*Mark E. Gallagher, Jr.*, City Solicitor (*Robert J. Blumsack*, Assistant City Solicitor, with him), for the defendant.

*Edward J. Bushell* (*Frederick J. Wheeler, Jr.*, with him) for the plaintiff.

SPALDING, J.   The plaintiff in this action of contract seeks to recover an annuity as a result of the death of her husband.   The case was heard on a "statement of evidence," which we treat as an agreement as to evidence.   See *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 653.

The plaintiff is the widow of Thomas S. McLean who was a police officer in the city of Medford.   McLean died on June 5, 1954, of a coronary occlusion, that is, "a constriction or obstruction to a coronary vessel or artery to the heart resulting in infarction (death to the muscle tissues and cells) . . . [which] is a heart disease."   On May 7, 1952, McLean had been retired for "myocarditis, a heart disease, of undetermined origin," after suffering a heart attack on April 21, 1952.   His retirement was in accordance with the provisions of G. L. c. 32.   Following her husband's death, the plaintiff filed an application for an annuity.   A medical board was appointed to process her application in accordance with G. L. c. 32, § 89A.   In its report the board stated that the past history of the deceased "indicated that he was originally certified for retirement . . . because of a myocarditis of undetermined origin . . . (and that he) expired on June 5, 1954, with the certified diagnosis of coronary occlusion — ½ hour.   The medical panel does not find any evidence to indicate that the deceased . . . died as a result of an injury received in the performance of his duty as a member of the police department of the city of Medford."   The city manager and city council (then the "appropriate public authority" under § 89A) refused to pay the annuity.[1]

At this point it becomes necessary to discuss our decision (340 Mass. 613) when this matter was here before.   On the basis of the foregoing facts it was held that since the public authority under § 89A had failed to grant an annuity the plaintiff could not maintain her action of contract to recover it.   But the court undertook, nevertheless, to discuss

[1] See now St. 1960, c. 728, which transferred the authority to grant a noncontributory annuity under § 89A to the city's retirement board.

McLean *v.* Medford.

the plaintiff's rights to an annuity. "The plaintiff and the public authority," we said, "are entitled to an understandable certificate by the medical board which reflects the evidence before it. The board in the circumstances of this case should certify (1) whether death was caused by the disease on which retirement was based, and (2) whether there was evidence that the disease was not service connected and their finding on that issue. Unless a certificate of the board, based on evidence that the disease was not service connected, or other 'competent evidence' before the public authority, shows that the disease was not service connected, the statutory presumption will be operative in the proceedings before it.[1] Because of the ambiguity of the board's report as made (that it 'does not find any evidence to indicate that the deceased . . . died as a result of an injury received in the performance of his duty') the certificate is inadequate. We assume that the public authority could have inferred from the certificate that the disabling disease was also the disease which caused the death. With the aid of the presumption that that disease was service connected, the certificate, so construed, would have supported the vote of an annuity. We think the certificate did not justify the opposite inference, that is, that the disabling and the killing diseases were not the same. In the light of these principles there appears occasion for further action both by the medical board and by the public authority, with the necessary determinations made in accordance with reasonably appropriate standards." 340 Mass. 613, 617–618.

After this decision had been rendered, the plaintiff applied to the contributory retirement board of Medford (now, by St. 1960, c. 728, the "appropriate public authority" mentioned in § 89A) and the application was accepted.

---

[1] The presumption referred to is that created by G. L. c. 32, § 94, which reads, "Notwithstanding the provisions of any general or special law to the contrary . . . any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death to a . . . permanent member of a police department, . . . shall, if he successfully passed a physical examination on entry into such service, . . . which examination failed to reveal any evidence of such condition, be presumed to have been suffered in line of duty, unless the contrary be shown by competent evidence."

The medical board, which was reconvened to consider the matter, certified as follows: "The original retirement of Thomas S. McLean was for a myocarditis (of undetermined origin) and heart failure on April 21, 1952. He died on June 5, 1954 with a diagnosis of coronary occlusion and coronary sclerosis of three years duration. It is the opinion of the medical board that 1) death was due to heart disease for which he was retired and 2) that there was no evidence that the disease was not service connected." Copies of this certification were sent to the city treasurer and the retirement board.[1] The retirement board, one member dissenting, voted to grant the annuity "in the amount of $1500.00 per year to the widow as long as she remains unremarried, and $312.00 per year for each minor child until such child reaches the age of eighteen (18) years." The annuity was to take effect as of June 28, 1954, which was the date of the earlier application. The retirement board requested that an appropriation be made to cover these payments. The city manager has not acted on this request and the city council has no request for an appropriation before it. The city treasurer has refused to make any payment with respect to the annuity.

It was in this setting that the present action was begun. The judge found that the plaintiff "satisfied . . . [him] by a fair preponderance of the evidence that all of the statutory requirements for this annuity have been met . . . and that the defendant has refused to pay . . . [it]." He ruled that "the retirement board could have inferred from the certificate furnished it by the medical panel, as the retirement board in fact did, that the disabling disease was also the disease which caused the death; and with the aid of the presumption of . . . section 94 (that the disease was service connected) this certificate, so construed, would support the vote for an annuity under § 89A." He further ruled that "upon notification to the treasurer by the re-

---

[1] At that time § 89A required that the certificate be sent to the city treasurer. See now St. 1963, c. 614, which requires the certificate to be sent to the "appropriate public authority."

tirement board that it had acted favorably upon the application, together with the filing with the treasurer of the medical certificate in the light of which the retirement board acted," it was not within the authority of the treasurer either to revise the board's decision or "to inquire into or pass upon the legal sufficiency of the medical certificate." The judge found for the plaintiff in the sum of $14,496, with interest. The defendant excepted to this finding and to the exclusion of certain documentary evidence offered by it.

There was no error.

1. We are of opinion that the certificate of the medical board was free from the ambiguities contained in the earlier certificate and satisfied the standards laid down in 340 Mass. 613, 617. On the basis of this certificate the retirement board was warranted in granting the annuity. The presumption of service connection created by § 94 could have been rebutted. But as the medical board expressly stated, "there was no evidence that the disease was not service connected."

2. The judge correctly ruled that the city treasurer had no authority either to revise the decision of the retirement board or to pass upon the legal sufficiency of the medical certificate. In an analogous situation where a city auditor attempted to question the decision of a medical panel and the vote of the city council with regard to an annuity granted under § 89A this court said, in *Lenox* v. *Medford*, 330 Mass. 593, 595, "But we think that the powers of a city auditor do not extend to revising findings of fact of other administrative officers on the ground that they were not warranted by the evidence." We are of opinion that the powers of a city treasurer are likewise so limited.

3. The defendant excepted to the exclusion of certain documentary evidence offered by it. This evidence consisted of correspondence between the treasurer and the medical panel touching its certificate, a letter from the retirement board to the chairman of the panel, the vote of the retirement board, and the dissenting report of one of its

members. The judge in his decision stated that even if this evidence were admissible it would not ''alter . . . [his] rulings and findings.'' We think that no prejudicial error was shown in the exclusion of the evidence.

4. The defendant contends that the retirement board had no authority to make the annuity payments effective as of June 28, 1954, the date of the plaintiff's first application. It is argued that St. 1960, c. 622, amending § 89A by providing that ''Any annuity payable under this section shall become effective as of the date of death of such deceased person,'' indicates that the board had authority only to make the annuity effective from July 11, 1961, the date of the second application. We disagree. Prior to this amendment it was nonetheless within the discretion of the board to make an annuity effective from the date of death. It was likewise within the board's authority to grant an annuity from the date of the plaintiff's first application. If, as we need not decide, the 1960 amendment applies to this case and the payments should have become effective from the date of death, only the plaintiff can complain, and she has not done so.

*Exceptions overruled.*